# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Nicole Kees,**
**Petitioner Below, Petitioner**

**FILED**

January 14, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 11-1465** (Berkeley County 06-C-70)

**Lori Nohe, Warden,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Nicole Kees, by counsel Christopher J. Prezioso, appeals the September 21, 2011 order of the Circuit Court of Berkeley County denying her petition for a writ of habeas corpus. Respondent Lori Nohe, by counsel Christopher J. Quasebarth, has filed a response, to which petitioner has replied.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Revised Rules of Appellate Procedure.

On January 7, 2005, petitioner was sentenced to a term of incarceration of life, with mercy, following her conviction by jury of felony murder. Petitioner was also sentenced to two terms of incarceration of one to ten years in prison following her guilty plea to two counts of felony forgery, said sentences to run consecutively to each other but concurrently to her life sentence. Petitioner appealed her conviction for felony murder, but this Court refused her petition for appeal by order entered on April 24, 2008. On July 7, 2010, petitioner, by counsel, filed an amended petition for writ of habeas corpus in the circuit court. By order entered on September 21, 2011, this petition was denied absent an omnibus evidentiary hearing.

On appeal, petitioner alleges that the circuit court erred in denying her petition without holding an evidentiary hearing. While petitioner lists eight distinct assignments of error, her argument is best characterized as alleging error on the part of the circuit court for failing to hold an evidentiary hearing because probable cause existed to believe she was entitled to certain relief. Each of petitioner's assignments of error, aside from the first, re-alleges each of her grounds for relief as set forth in the habeas petition filed below. Respondent argues that the circuit court did not err in denying the petition and that West Virginia law allows for summary dismissal of habeas petitions. According to respondent, the circuit court properly and thoroughly analyzed each of petitioner's habeas claims and properly concluded that they lacked merit. Because such claims could be decided by reference to the record, respondent argues that no evidentiary hearing was necessary.

1

This Court has previously held that

> [i]n reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006). Further, we have also held that

> "[a] court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing . . . if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief." Syl. Pt. 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973).

Syl. Pt. 2, in part, *State ex rel. Watson v. Hill*, 200 W.Va. 201, 488 S.E.2d 476 (1997). After careful consideration of the parties' arguments, this Court concludes that the circuit court did not abuse its discretion in denying the petition for writ of habeas corpus. Having reviewed the circuit court's "Order Denying Amended Petition For Writ Of Habeas Corpus" entered on September 21, 2011, we hereby adopt and incorporate the circuit court's well-reasoned findings and conclusions as to the assignments of error raised in this appeal. The Clerk is directed to attach a copy of the circuit court's order to this memorandum decision.

For the foregoing reasons, we find no error in the decision of the circuit court and its September 21, 2011 order denying the petition for writ of habeas corpus is affirmed.

Affirmed.

**ISSUED:** January 14, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

ₐ Prez1080

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA
Division II

STATE OF WEST VIRGINIA, ex. rel.
NICOLE KEES,

    Petitioner,

v.

                                   CIVIL CASE NO. 08-C-1034
                                   Underlying Criminal Action
                                   Numbers: 04-F-102
                                   JUDGE WILKES

LORI NOHE, Warden,

    Respondent.

## ORDER DENYING AMENDED PETITION FOR WRIT OF HABEAS CORPUS

This matter came before the Court this ___21___ day of September 2011, pursuant to

Petitioner's Amended Petition for Writ of Habeas Corpus (hereinafter "Petition"). Upon the

appearance of Petitioner, Nicole Kees, by counsel Christopher J. Prezioso, and Respondent, Lori

Nohe, by counsel Christopher C. Quasebarth, Chief Deputy Prosecuting Attorney for Berkley

County, W.Va.; and upon the consideration of the Petition, the Answer and Motion to Dismiss,

the parties' respective memoranda of law, and pertinent legal authorities, the Court Rules as

follows.

### Findings of Fact

1. The criminal case upon which this habeas was brought is styled State of West Virginia v.

    Nicole Kees, Berkeley County Circuit Court Case No. 04-F-102.

2. On May 20, 2004 Petitioner, Nicole Kees, was indicted by the State of West Virginia in

    Berkeley County for six (6) felony counts. Count I of the Indictment charged Petitioner

    with the offense of felony murder in violation of W. Va. Code § 61-2-1; Count II of the

Indictment charged Petitioner with the offense of delivery of a controlled substance in violation of W.Va. § Code 60A-4-401(a)(I); Count III of the Indictment charged Petitioner with the offense of forgery of a check in violation of W. Va. Code § 61-4-5; Count IV of the Indictment charged Petitioner with the offense of uttering a check in violation of W. Va. Code § 61-4-5; Count V of the Indictment charged Petitioner with the offense of forgery of a check in violation of W. Va. Code § 61-4-5; and Count VI of the Indictment charged Petitioner with the offense of uttering a check in violation of W. Va. Code § 61-4-5.

3. Prior to indictment (at the time of her arrest), Petitioner was appointed the Public Defender as counsel on her charges of Forgery and Uttering (Order entered January 15, 2004 and Order entered March 12, 2004); and B. Craig Manford on the charge of Murder (Order entered January 28, 2004). Mr. Manford (hereinafter "trial counsel" or "appellate counsel") represented Petitioner on the relevant charge at all pertinent stages.

4. On August 27, 2004, the Court found during a status hearing that discovery had been exchanged and that the parties were on track in preparing for trial.

5. On September 17 2004, a pretrial hearing was held. At the hearing the parties announced that there would be a stipulation to the fact that the substance found in the room was heroin, as the Petitioner had admitted the same in a mirandized statement. The issue of granting of immunity for a witness in order to have him testify was not objected to and granted. This was regarding a crime that was intrinsic to the case, and trial counsel did not object its entry or the witness for strategic purposes. *Tr. September 17, 2004*, pg. 6. Last, the issue of Petitioner's motion to suppress the prior statements of the Petitioner was considered, and the Court took evidence from Mr. Shackelford of the Berkeley

County Sheriff's Department and Corporal Richard T. Dyroff, of the West Virginia State Police. After hearing the evidence on the issue, the parties agreed and the Court found that the evidence showed Petitioner made the statements to the police with a knowing, intelligent waiver of rights after having been informed of them.

6. On September 29, 2004 a Jury Trial was held on Counts I and II of the indictment; where at the close of the State's case Count II of the Indictment was dismissed, and at the end of all evidence and argument the Jury found the Petitioner Guilty of felony murder and recommended mercy.

7. On January 7, 2005, Petitioner pled guilty to two indicted counts of felony Forgery, and one misdemeanor Destruction of Property. At this hearing the post-trial motion for a new trial was heard and denied, and sentence was imposed. Petitioner was sentenced to the term of her natural life with the possibility of parole after fifteen (15) years on the felony murder conviction by jury trial, and two terms of not less than one (1) nor more than then (10) years on the two Forgery convictions by plea to run consecutive to each other but concurrent with the term of natural life, and a fine of one hundred dollars ($100) on the Destruction of Property conviction by plea, and restitution was ordered.

8. On May 11, 2007, the Court entered an Order re-sentencing the Petitioner for the purpose of allowing an appeal, after good cause was shown for the same.

9. On November 21, 2007, Petitioner filed a Petition for Appeal. The Petition for Appeal challenged only the felony murder conviction, and it contained four (4) assignments of error. The first regarded the failure of the Court to direct a verdict in favor of Petitioner at the close of evidence; the second regarded the Court's denial of the Petitioner's proffered

lesser included offense instruction; the third regarded the Prosecutor's misstatement of the law in closing; and the fourth regarded the cumulative weight of the previous three.

10. On April 24, 2008, the Petition for Appeal was refused by the West Virginia Supreme Court of Appeals.

11. On August 12, 2008, Petitioner filed a Petition for Habeas Corpus, Pro Se.

12. On August 25, 2008, the Court entered an Order appointing counsel and directing counsel to file an amended petition, and Ordering Petitioner to complete a *Losh* List.

13. On July 7, 2010, after an extension of the deadline, Petitioner filed the instant Amended Petition for Writ of Habeas Corpus (hereinafter Petition) and *Losh* List. The Petition claims ineffective assistance of counsel in eight ways, a due process violation in the Court's failure to suppress statements of Petitioner, an cruel and unusual sentence, a due process violation in the State's witnesses giving false testimony, a due process violation in that there was insufficient evidence to convict, a due process violation in Petitioner's lack of competency to stand trial, the unconstitutionality of W.Va. Code § 61-2-1, and a list of "remaining grounds." The *Losh* List specifically waives the following grounds for relief: trial court lacked jurisdiction, denial of right to a speedy trial, involuntary guilty plea, language barrier to understanding the proceedings, denial of counsel, unintelligent waiver of counsel, double jeopardy, no preliminary hearing, illegal detention prior to arraignment, irregularities or errors in arraignment, failure to provide copy of indictment to defendant, improper venue, pre-indictment delay, refusal of continuance, prejudicial joinder of defendants, lack of full public hearing, claims of prejudicial statements by trial judges, acquittal of co-defendant on same charge, defendant's absence from part of the proceedings, question of actual guilt upon an acceptable guilty plea.

14. On July 26, 2010, the Court Ordered the Respondent to fully and completely respond to the Petition.

15. On October 25, 2010, Respondent filed Respondent's Return to, and Motion to Dismiss, Petition for Habeas Corpus.

## Conclusions of Law

This matter comes before the Court upon Petitioner's Petition for Writ of Habeas Corpus. This Court has previously appointed counsel, who filed an amended petition, and subsequent to an initial review the Court has ordered the respondent to file an answer. At this point in the proceedings the Court is to review the relevant filings, affidavits, exhibits, records and other documentary evidence attached to the Petition to determine if any of Petitioner's claims have merit and demand an evidentiary hearing to determine if the Writ should be granted. Otherwise, the Court must issue a final order denying the Petition.

The procedure surrounding petitions for writ of habeas corpus is "civil in character and shall under no circumstances be regarded as criminal proceedings or a criminal case." W. Va. Code § 53-4A-1(a); *State ex rel. Harrison v. Coiner*, 154 W. Va. 467 (1970). A habeas corpus proceeding is markedly different from a direct appeal or writ of error in that only errors involving constitutional violations shall be reviewed. *Syl. Pt. 2., Edwards v. Leverette,* 163 W. Va. 571 (1979).

> "If the petition, affidavits, exhibits, records and other documentary evidence attached thereto, or the return or other pleadings, or the record in the proceedings which resulted in the conviction and sentence . . . show to the satisfaction of the court that the petitioner is entitled to no relief, or that the contention or contentions and grounds (in fact or law) advanced have been previously and finally

adjudicated or waived, the court shall enter an order denying the relief sought." W. Va. Code § 53-4A-7(a).

If the court upon review of the petition, exhibits, affidavits, or other documentary evidence is satisfied that the petitioner is not entitled to relief the court may deny a petition for writ of habeas corpus without an evidentiary hearing. *Syl. Pt. 1, Perdue v. Coiner*, 156 W. Va. 467 (1973); *State ex rel. Waldron v. Scott*, 222 W. Va. 122 (2008). Upon denying a petition for writ of habeas corpus the court must make specific findings of fact and conclusions of law as to each contention raised by the petitioner, and must also provide specific findings as to why an evidentiary hearing was unnecessary. *Syl. Pt. 1, State ex rel. Watson v. Hill*, 200 W. Va. 201 (1997); *Syl. Pt. 4., Markley v. Coleman*, 215 W. Va. 729 (2004); R. Hab. Corp. 9(a). On the other hand, if the Court finds "probable cause to believe that the petitioner may be entitled to some relief . . . the court shall promptly hold a hearing and/or take evidence on the contention or contentions and grounds (in fact or law) advanced . . . ." W. Va. Code § 53-4A-7(a).

When reviewing the merits of a petitioner's contention, the Court recognizes that "there is a strong presumption in favor of the regularity of court proceedings and the burden is on the person who alleges irregularity to show affirmatively that such irregularity existed." *Syl Pt. 2, State ex rel. Scott v. Boles*, 150 W. Va. 453 (1966). Furthermore, specificity is required in habeas pleadings, thus a mere recitation of a ground for relief without detailed factual support will not justify the issuance of a writ or the holding of a hearing. W. Va. Code § 53-4A-2; *Losh v. McKenzie*, 166 W. Va. 762, 771 (1981). "When a circuit court, in its discretion, chooses to dismiss a habeas corpus allegation because the petition does not provide adequate facts to allow the circuit court to make a 'fair adjuctiation of the matter,' the dismissal is without prejudice." *Markley v. Coleman*, 215 W. Va. 729, 734 (2004), *see* R. Hab. Corp. 4(c). However, rather than dismissing without prejudice the court may "summarily deny unsupported claims that are

randomly selected from the list of grounds," laid out in *Losh v. McKenzie*. *Losh v. McKenzie,* 166 W. Va. 762, 771 (1981); *Markley v. Coleman,* 215 W. Va. 729, 733 (2004).

In addition to a review on the merits, the Court must determine if the contentions raised by the petitioner have been previously and finally adjudicated or waived. "West Virginia Code § 53-4A-1(b) (1981) states that an issue is 'previously and finally adjudicated' when, at some point, there has been 'a decision on the merits thereof after a full and fair hearing thereon' with the right to appeal such decision having been exhausted or waived, 'unless said decision upon the merits is clearly wrong.'" *Smith v. Hedrick,* 181 W. Va. 394, 395 (1989). But, a "rejection of a petition for appeal is not a decision on the merits precluding all future consideration on the issues raised therein . . ." *Syl. Pt. 1, Smith v. Hedrick,* 181 W. Va. 394 (1989). However, "there is a rebuttable presumption that petitioner intelligently and knowingly waived any contention or ground in fact or law relied on in support of his petition for habeas corpus which he could have advanced on direct appeal but which he failed to so advance." *Syl. Pt. 1, Ford v. Coiner,* 156 W. Va. 362 (1972). In addition, any grounds not raised in the petition for habeas corpus are deemed waived. *Losh v. McKenzie,* 166 W. Va. 762 (1981).

The Court in reviewing the Petition, Answer, affidavits, exhibits, and all other relevant documentary evidence finds that Petitioner's Petition for Habeas Corpus should be DENIED. First, the direct appeal in this matter was refused and this is the first post-conviction Habeas Corpus proceeding for the Petitioner, so preclusion of claims based upon final adjudication is not at issue. *See* W.Va. Code 53-4A-1(b); *Bowman v. Leverette,* 289 S.E.2d 435 (1982); *Smith v. Hedrick,* 382 S.E.2d 588 (1989); *Losh v. McKenzie,* 277 S.E.2d 606 (1981). As to the issues raised by the Petitioner, the Court is satisfied based on the pleadings and exhibits that the

Petitioner is entitled to no relief, and below the Court will discuss the grounds for its denial of each contention and its determination that no evidentiary hearing is required in this matter.

## I. Assistance of Counsel

Petitioner here raises the contention of ineffective assistance of counsel pertaining to her trial and appellate counsel, B. Craig Manford's performance (hereinafter "trial counsel" or "appellate counsel"). Both the Sixth Amendment to the Constitution of the United States and Article III, §14 of the Constitution of West Virginia assure not only the assistance of counsel in a criminal proceeding but that a defendant should receive "competent and effective assistance of counsel." *State ex rel. Strogen v. Trent,* 196 W. Va. 148, 152 (1996). In order to evaluate whether a defendant has received competent and effective assistance from their counsel West Virginia has adopted the two pronged test established by the United State Supreme Court in *Strickland v. Washington.* In order to prevail on a claim of ineffective assistance of counsel a petitioner under the two-prong test must show: "(1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Syl. Pt. 5, State v. Miller,* 194 W. Va. 3 (1995) (referencing *Strickland v. Washington,* 466 U.S. 668 (1984)) (hereinafter "*Strickland* test"). "In reviewing counsel's performance, courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Thus, a reviewing court asks whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue." *Syl. Pt. 6, State v. Miller,* 194

W. Va. 3 (1995); *Syl. Pt 2, State ex rel. Strogen v. Trent,* 196 W. Va. 148, 152 (1996). Under a consistent policy shown by the West Virginia Supreme Court of Appeals and the United States Supreme Court the analysis under ineffective assistance of counsel "must be highly deferential and prohibiting 'intensive scrutiny of counsel and rigid requirements for acceptable assistance.'" *State v. Miller,* 194 W. Va. 3, 16 (1995) (citing *Strickland v. Washington,* 466 U.S. 668, 689-90 (1984)). "Where a counsel's performance, attacked as ineffective, arises from occurrences involving strategy, tactics and arguable courses of action, his conduct will be deemed effectively assistive of his client's interests, unless no reasonably qualified defense attorney would have so acted in the defense of an accused." Syllabus Point 21, *State v. Thomas,* 157 W. Va. 640, 203 S.E.2d 445 (1974). One key area of this analysis is counsel's investigation of the case, therefore while judicial scrutiny must be highly deferential, "counsel must at a minimum conduct a reasonable investigation enabling him or her to make informed decisions about how best to represent criminal clients." *Syl. Pt. 3, State ex rel. Strogen v. Trent,* 196 W. Va. 148, 152 (1996).

Under Petitioner's claim of ineffective assistance of counsel the first contention is that the trial counsel failed to properly investigate the case; yet, this contention has no merit and the Court sees no need for an evidentiary hearing. Petitioner's claim lacks specificity and factual basis: Petitioner does not list any facts or evidence that trial counsel did not find. This is detrimental to Petitioner's claim considering, a mere recitation of a ground for relief without detailed factual support will not justify the issuance of a writ or the holding of a hearing. W. Va. Code § 53-4A-2; *Losh v. McKenzie,* 166 W. Va. 762, 771 (1981). Petitioner does mention that this failure consists of a failure to investigate whether the individuals at the Krista Lite Motel were working with law enforcement. Yet, nowhere does Petitioner identify: 1) what facts she alleges were not properly investigated, or how such facts, if properly investigated, would have

led the jury to acquit her; 2) which witnesses were not properly interviewed, or how those witnesses, if properly interviewed, would have testified differently such that the jury would have acquitted her; 3) what discovery was not reviewed which, had it been reviewed, would have led the jury to acquit her; or 4) who she was doing heroin with that was working with law enforcement, which, if true, would have led the jury to acquit her. Furthermore, the transcripts show that each of the state's witnesses were cross-examined by Petitioner's trial counsel with a detailed understanding of the facts that they were testifying to, what other witnesses would be testifying and had testified to, and the witness's relevant credibility issues. Also, in arguments throughout the process, trial counsel exhibited an extensive understanding of the facts of the case and each witness's testimony. *See* Tr. September 17, 2004 Preliminary Hearing; Sept. 29, 2004 Trial; and Sept. 30, 2004 Trial. The testimony at trial indicates that all persons who could shed light on the pertinent facts in this matter did so by testifying, and Petitioner provides no specificity in this contention as to what witnesses her attorney failed to interview. Accordingly, Petitioner has failed to meet even the first prong of the *Strickland* test because from the Petition, the Response, the transcripts, and the record it is clear that trial counsel's performance was not deficient under an objective standard of reasonableness. Also, the second prong of *Strickland* clearly cannot be met: there is no reason to believe that the outcome would have been any different. Last, "there is a strong presumption in favor of the regularity of court proceedings and the burden is on the person who alleges irregularity to show affirmatively that such irregularity existed." *Syl Pt. 2, State ex rel. Scott v. Boles*, 150 W. Va. 453 (1966). Therefore, Petitioner's first contention has no merit and the Court sees no need for an evidentiary hearing if the Petitioner is not able to specify a factual basis supporting the idea that trial counsel failed to properly investigate the case.

Under Petitioner's claim of ineffective assistance of counsel the second contention is that the trial counsel failed to obtain a better plea agreement; yet, this contention has no merit and the Court sees no need for an evidentiary hearing. Petitioner's argument here is essentially that because the state, within its prosecutorial discretion, decided to only offer a plea to the felony murder with a stipulation of mercy, trial counsel was ineffective. Yet, trial counsel cannot be held responsible for the State's offer. Further, there is no factual basis for this contention: wherein Petitioner merely asserts that trial counsel failed to "properly argue" for a better agreement. This allegation amounts to "a mere recitation" of a ground for relief. *Losh v. McKenzie,* 166 W. Va. 762, 771 (1981).

Furthermore, at the pre-trial hearing trial counsel pointed out that the State had offered a plea of guilty to felony murder with the stipulation of mercy, and that Petitioner and trial counsel rejected that offer. This shows the Court that plea negotiations and arguments occurred, and questioning these strategic decisions is an inappropriate "intensive scrutiny of counsel." *State v. Miller,* 194 W. Va. 3, 16 (1995). So, the two-prong *Strickland* test cannot be met because it is clear that trial counsel's performance was not deficient under an objective standard of reasonableness and any change in trial counsels performance would not have necessarily led to the State changing their mind about going forward on the felony murder charge. Accordingly, this contention has no merit and the Court sees no need for an evidentiary hearing.

Under Petitioner's claim of ineffective assistance of counsel the third contention is that the trial counsel failed to request a change of venue; yet, this contention has no merit and the Court sees no need for an evidentiary hearing.

One of the inquiries on a motion for a change of venue should not be whether the community remembered or heard the facts of the case, but whether the jurors had such fixed

opinions that they could not judge impartially the guilt or innocence of the defendant. Syl. Pt. 3, *State v. Derr*, 192 W.Va. 165, 451 S.E.2d 731 (1994).

Petitioner points to no facts which would have disqualified the judge hearing his case, nor any unfair publicity of the case which would have tarnished the jury, or any other factors that made her trial in Berkeley County the improper venue.

In this case, the Court took special care to ensure that an unbiased jury was empanelled. Each potential juror was asked about their knowledge of the case from media coverage, and any other publicity, and the final jurors were all able to provide a satisfactory answer as to their ability to review the case in an unbiased and non-prejudicial manner. *See* Tr. September 29, 2004, Trial, pg.4 – 45. Furthermore, only two potential jurors stated that they had heard about the case, one from rumors from friends and one from an article in the newspaper. Tr. September 29, 2004, Trial, pg. 25- 29. While both of these potential jurors testified that it would not bias them, they were not seated on the empaneled jury. Tr. September 29, 2004, Trial, pg. 45. So, no person who had even heard of this matter was seated on the jury. In the end, the analysis is not based on the level of coverage of a case in the media, but on whether the jurors could "judge impartially guilt or innocence of the defendant." *Syl. Pt. 3. State v. Derr,* 192 W. Va. 165 (1994).

These facts are fatal to Petitioner's contention under both prongs of the *Strickland* analysis. First, it shows that the media coverage and community knowledge was not enough to affect a jury or cause a reasonable trial counsel to seek a change in venue. Even if trial counsel had moved for the change in venue, it seems clear that the trial court would have been correct to deny the motion. And so, under an objective standard of reasonableness, trial counsel could not have been deficient in deciding not to move for a change in venue that would not be granted.

So, Petitioner's contention fails the first prong of the *Strickland* test. Second, it shows that, since the jury testified under oath that they would weigh the evidence and decided the case in an unbiased, non-prejudicial manner with no preconceived determinations or improper considerations, the outcome would be the same even if venue had been changed. This causes Petitioner's contention to fail the second prong of *Strickland*: there is almost no probability that the outcome would be different. It is clear from the record that the Court ended up with a jury panel that could "judge impartially guilt or innocence of the defendant." *Syl. Pt. 3. State v. Derr*, 192 W. Va. 165 (1994). Therefore, the Court sees no need for an evidentiary hearing as the *Strickland* test cannot be met because the contention has no merit.[1]

Under Petitioner's claim of ineffective assistance of counsel the fourth contention is that the trial counsel failed to request grand jury transcripts; yet, this contention has no merit and the Court sees no need for an evidentiary hearing. Petitioner's contention here is expressed in two sentences. Petitioner fails to allege any facts that would meet either prong of the *Strickland* test. Petitioner does not and presumably is not able to specify any facts as to why the grand jury transcripts would have been helpful, how they may have provided impeachment material, or how that material could have led to a different result. As pointed out by the Respondent, the Indictment reflects testimony from two individuals who did not even testify at trial, severely limiting the potential for impeachment material in the grand jury transcripts. A mere recitation of a ground for relief without detailed factual support will not justify the issuance of a writ or the holding of a hearing. W. Va. Code § 53-4A-2; *Losh v. McKenzie*, 166 W. Va. 762, 771 (1981). So, this contention has no merit and the Court sees no need for an evidentiary hearing.

---

[1] Of interesting note here, Petitioner specifically waived "improper venue" in her *Losh* list. This makes it appear that venue must have been proper, which bears upon the reasonableness of trial counsel in not moving for its change.

Under Petitioner's claim of ineffective assistance of counsel the fifth contention is that the trial counsel failed to assert a mental defense/ diminished capacity as to intent of the underlying felony; yet, this contention has no merit and the Court sees no need for an evidentiary hearing. "What defense to carry to the jury, what witnesses to call, and what method of presentation to use is the epitome of a strategic decision, and it is one that we will seldom, if ever, second guess." *State v. Miller*, 194 W. Va. 3, 17 (1995). Petitioner alleges that she suffered from several forms of mental illness and drug addiction at the time of the commission of acts and at trial. She states as a factual basis for this contention that she had "shot up," meaning she was under the influence of heroin, several times prior to and during the alleged incident. Further, she states that she was involuntarily committed to hospitalization by Court Order one day after the incident (Berkeley County Case No. 04-MH-2). However, the Order committing Petitioner, attached to the Amended Petition, specifically finds no probable cause to believe the Respondent is mentally ill. It appears clear from the Application for Involuntary Custody for Mental Health Evaluation, which led to the Order attached to the Amended Petition, that Petitioner was not mentally ill, but addicted. Any depression referenced in the Application was attributed to the incident resulting in the victim's death which led to this conviction. Last, the Certificate of Licensed Examiner found in the same case file, which led to the Order, found the Petitioner addicted but not mentally ill. So, the factual basis supplied by the Petitioner here is not only weak, it supports the proposition that she was not mentally ill.

Further, trial counsel knew that Petitioner had "shot up" prior to the alleged incident as it was in the criminal complaint. It is apparent from the transcripts that trial counsel knew of Petitioner's substance abuse issues. It seems clear that while there is evidence of addiction, there is no evidence of mental illness, and any diminished capacity due to drug use was known

to trial counsel and must have been a strategic decision. So this review of the record shows that trial counsel acted reasonably in developing a defense in this case, and this Court should not second guess the strategic trial decisions of trial counsel. Therefore, Petitioner has failed to meet either prong of the *Strickland* test. Accordingly, this contention has no merit and the Court sees no need for an evidentiary hearing.

Under Petitioner's claim of ineffective assistance of counsel the sixth contention is that trial counsel failed to hire an independent toxicologist; yet, this contention has no merit and the Court sees no need for an evidentiary hearing. Petitioner's claim here is void of any allegation that something other than a heroin overdose caused the victim's death. All evidence recited by the Petitioner and found in the transcripts tends to show that an overdose of heroin was the cause of death. Accordingly, it is likely that trial counsel did not hire toxicologist because the result would be the same as the state's toxicologist: this amounts to a strategic trial decision and fails under the first prong of the *Strickland* test. Also, it bears on the second prong of the Strickland test: there is no reasonable possibility of a different outcome due to the alleged ineffective assistance. Accordingly, this contention has no merit and the Court sees no need for an evidentiary hearing.

Under Petitioner's claim of ineffective assistance of counsel the seventh contention is that trial counsel failed to properly preform at trial; yet, this contention has no merit and the Court sees no need for an evidentiary hearing. Each act which the Petitioner alleges trial counsel committed, constituting ineffective assistance of counsel, clearly involves "strategy, tactics and arguable courses of action." *Syl. Pt.* 21, *State v. Thomas*, 157 W. Va. 640, 203 S.E.2d 445 (1974). Furthermore, each action appears from an examination of the transcript to be a reasonable tactical decision in accordance with trial counsel's theory of the case and method of

presentation. Not objecting to a possibly inflammatory remark and correcting it without repeating in his opening is clearly tactical and reasonable. *See Tr. September 29, 2004*, pg.60. Trial counsel's opening statement as it appears in the transcripts was clearly tactical and appropriate. *See Tr. September 29, 2004*, pg.59. Stipulation to the qualifications of well-qualified experts, rather than arguing against them and risking appearing deceitful in front of the jury is clearly a tactical decision that is reasonable. *See Tr. September 29, 2004*, pg. 142, 149. The concession to the admissibility of Petitioner's statements appears from the transcript to be done after hearing all of the evidence and considering the legal authorities, in a reasonable fashion. *See Tr. September 17, 2004*, pg. 30. Last, the evidence presented at trial is the epitome of a tactical decision. So, each item fails to meet the first prong of the *Strickland* test because in these situations the conduct will be deemed effectively assistive unless no reasonably qualified defense attorney would have so acted in the defense of an accused. *Syl. Pt.* 21, *State v. Thomas*, 157 W. Va. 640, 203 S.E.2d 445 (1974). Accordingly, this contention has no merit and the Court sees no need for an evidentiary hearing.

Under Petitioner's claim of ineffective assistance of counsel the eighth contention is that the appellate counsel failed to properly represent Petitioner on appeal; yet, this contention has no merit and the Court sees no need for an evidentiary hearing. As to the contention regarding the improper delay, through a resentencing order, the Petitioner was afforded her full right of appeal. So, even if unreasonable, this contention cannot have led to a different outcome.

As to the contention that appellate counsel failed to raise specific issues, the Court is unpersuaded. The first two issues (failure to raise sufficiency of the indictment, and failure to argue error in the ruling of Petitioner's statements admissible) lack factual support and are clearly not meritorious claims to have been raised, based upon the record. *See* Indictment, *Tr.*

*September 17, 2004*, pg. 22-29, 30-31. Therefore, appellate counsel's failure to raise them was reasonable and is unlikely to have resulted in a different outcome. The last issue alleged to have been unreasonably omitted in the Petition for Appeal is the constitutionality of the felony murder statute. Yet, Petitioner makes no arguments about the constitutionality of the felony murder statute to establish that appellate counsel acted unreasonably or to establish a different result based upon this alleged ineffectiveness. Further "[a]cts of the Legislature are always presumed to be constitutional..." *State ex rel. City of Charleston v. Coghill*, 156 W.Va. 877, 883 (1973). So, it appears clear that this allegation does not meet the two-prong *Strickland* test. Accordingly, this contention has no merit and the Court sees no need for an evidentiary hearing.

None of Petitioner's contentions, nor their cumulative effect, meet the two-prong *Strickland* test; therefore, the relief request under the claim of ineffective assistance of counsel has no merit should be DENIED.

## II. Due Process Violation Based Upon Denial of Motion to Suppress

Petitioner claims that the two separate statements made by her should have been inadmissible because she did not give a voluntary and intelligent waiver of her rights, and that the admission of them violated her Due Process rights. This contention should be denied because it has been waived.

Any claims that could have been advanced on direct appeal or a previous post-conviction proceeding and were not advanced have been waived. W.Va. Code 53-4A-1 (c); *Bowman v. Leverette*, 289 S.E.2d 435 (1982). The petitioner bears the burden of demonstrating that such waiver was less than knowing and intelligent. *Ford v. Coiner*, 156 W.Va. 362 (1972).

Petitioner failed to assert this claim on direct appeal. *See supra* Findings of Facts 9. Further, Petitioner fails to directly state any reason for this failure for the purposes of rebutting the presumption of waiver. The Petitioner does in a previous section allege ineffective assistance of appellate counsel in failing to raise this claim. However, that issue has been found to lack merit. *See supra* p. 16. Accordingly, the Court finds that Petitioner, who was represented by counsel on direct appeal, could have advanced this claim on direct appeal and did not. So, the issue based upon the denial of the motions to suppress is deemed WAIVED. Accordingly, this contention has no merit and the Court sees no need for an evidentiary hearing.

III. Cruel and Unusual Sentence

Petitioner contends here that since Petitioner's actions amount to giving drugs to an addict who voluntarily used the drugs, the sentence of life imprisonment with a recommendation of mercy is cruel and unusual in relation to this act. This contention should be denied because it has been waived and lacks merit.

Any claims that could have been advanced on direct appeal or a previous post-conviction proceeding and were not advanced have been waived. W.Va. Code 53-4A-1 (c); *Bowman v. Leverette*, 289 S.E.2d 435 (1982). The petitioner bears the burden of demonstrating that such waiver was less than knowing and intelligent. *Ford v. Coiner*, 156 W.Va. 362 (1972).

Petitioner failed to assert this claim on direct appeal. *See supra* Findings of Facts 9. Further, Petitioner fails to directly state any reason for this failure for the purposes of rebutting the presumption of waiver. The Petitioner does in a previous section allege ineffective assistance of appellate counsel in failing to raise a constitutional claim. However, that issue has been found to lack merit. *See supra* p. 16. Accordingly, the Court finds that Petitioner, who

was represented by counsel on direct appeal, could have advanced this claim on direct appeal and did not. So, this issue is deemed WAIVED.

Furthermore, Petitioner's argument here is based upon the proportionality of the legislatively determined length of the sentence to the crime. To determine whether a punishment is cruel and unusual, courts must look beyond historical conceptions to "the evolving standards of decency that mark the progress of a maturing society." *Graham v. Florida*, 130 S.Ct. 2011 (2010) (quoting *Estelle v. Gamble*, 429 U.S. 97 (1976)). Further, to prevail under this type of proportionality argument, there must be gross disproportionality. *Graham*, 130 S.Ct. at 2022. Even if not waived, this Court finds that there is clearly not *gross* disproportionality here: life with parole eligibility in fifteen years when Petitioner delivered a known dangerous substance that resulted in another's death. Accordingly, this contention has no merit and the Court sees no need for an evidentiary hearing.

IV. Due Process Violation Based Upon State's Primary Witnesses Giving False Testimony

Petitioner contends that Aaron Polkey, Richard Chamblin, and J.L. Robinson committed perjury and that these actions denied her the opportunity for a fair trial in violation of his due process rights. This contention lacks factual support and has been waived.

Other than the allegation that these witnesses had reason to lie to avoid prosecution, there is no factual support provided in the petition. Once again the Court must review a petition for writ of habeas corpus with a strong presumption of the regularity of the proceedings. *Syl Pt. 2, State ex rel. Scott v. Boles*, 150 W. Va. 453 (1966). Here, the jury was able to evaluate the credibility of the witnesses' testimony and decided that their testimony was credible. There is no reason to go back and overturn the jury's determination, especially considering the complete lack

of factual support for Petitioner's claims, therefore the contention carries no merit and there is no need for an evidentiary hearing.

Further, Petitioner failed to assert this claim on direct appeal. *See supra* Findings of Facts 9. Petitioner also fails to directly state any reason for this failure for the purposes of rebutting the presumption of waiver. The Petitioner does in a previous section allege ineffective assistance of appellate counsel generally and with regard to the failure to bring other, unrelated claims. However, that issue has been found to lack merit. *See supra* p. 16. Therefore, the Court finds that Petitioner, who was represented by counsel on direct appeal, could have advanced this claim on direct appeal and did not. So, this issue is deemed WAIVED. Accordingly, this contention has no merit and the Court sees no need for an evidentiary hearing.

## V. Due Process Violation Based Upon Insufficient Evidence to Convict

Petitioner contends that his conviction was improper because there was insufficient evidence to prove her guilt (this contention also asserted in the Petition for Appeal). An attack upon the sufficiency of the evidence to convict carries a heavy burden:

> "A criminal defendant challenging the sufficiency of the evidence
> to support a conviction takes on a heavy burden. An appellate court
> must review all the evidence, whether direct or circumstantial, in
> the light most favorable to the prosecution and must credit all
> inferences and credibility assessments that the jury might have
> drawn in favor of the prosecution. The evidence need not be
> inconsistent with every conclusion save that of guilt so long as the

jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt." *Syl. Pt. 3, State v. Guthrie*, 194 W. Va. 657 (1995).

Petitioner's argument here hinges upon the delivery of the controlled substance. However, there is direct testimony that Petitioner bought the drugs and gave them to the victim. Tr. September 29, 2004, Trial, pg. 82, 86-87. In fact the transcript from the trial shows that there was evidence of each element of the crime. While it is true that other jurisdictions have chosen not to impose the felony murder rule in situations where jointly acquired and possessed substances cause a death by overdose, that is not the situation in West Virginia, that is not the same as the facts in this case, and that argument bears no light on the sufficiency of the evidence. Therefore, this contention clearly has no merit and the Court sees no need for an evidentiary hearing.

VI. Due Process Violation Based Upon Petitioner's Competency to Stand Trial.

Petitioner contends that she was mentally incompetent to stand trial due to an untreated drug addiction. This contention lacks factual support and has been waived.

"It is a fundamental guaranty of due process that a defendant cannot be tried or convicted for a crime while he or she is mentally incompetent." *Syl. Pt. 5, State v. Hatfield*, 186 W. Va. 507 (1991). "To be competent to stand trial, a Defendant must exhibit a sufficient present ability

to consult with his lawyer with a reasonable degree of rational understanding and a rational, as well as factual, understanding of the proceeding against him." *State v. Hatfield*, 206 W. Va. 125, 522 S.E.2d 416 (1999).

Petitioner failed to assert this claim on direct appeal; so, just as above, waiver applies. *See supra* Findings of Facts 9; § 53-4A-1 (c); *Bowman*, 289 S.E.2d 435. Further, Petitioner fails to directly state any reason for this failure for the purposes of rebutting the presumption of waiver. *Ford*, 156 W.Va. 362. The Petitioner does in a previous section allege ineffective assistance of appellate counsel in failing to raise this claim. However, that issue has been found to lack merit. *See supra* p. 16. Therefore, the Court finds that Petitioner, who was represented by counsel on direct appeal, could have advanced this claim on direct appeal and did not. So, this claim is deemed WAIVED.

Also, Petitioner points to her drug addiction and the Order referenced in the assistance of counsel section. Yet, as noted above, the Order committing Petitioner, attached to the Amended Petition, specifically finds no probable cause to believe the Respondent is mentally ill. Also, the Certificate of Licensed Examiner found in the same case file, which led to the Order, found the Petitioner addicted but not mentally ill. So, the factual basis supplied by the Petitioner here is not only weak, it supports the proposition that she was not mentally ill.

Further, since "there is a strong presumption in favor of the regularity of court proceedings," *State ex rel. Scott*, 150 W. Va. 453, it seems clear to the Court that if Petitioner was unable to consult with her trial counsel, *Hatfield*, 206 W. Va. 125, that trial counsel would have evidenced this in some way at a proceeding with the Court. A review of the transcripts shows that this did not happen. So, the Court finds this claim to be without merit.

Accordingly, this issue is deemed WAIVED and is without merit, and the Court sees no need for an evidentiary hearing.

VII.     Constitutionality of West Virginia Code § 61-2-1 in regards to Due Process and the Eighth Amendment

Under this claim, Petitioner generally asserts the unconstitutionality of this law under these two authorities. This contention lacks factual support and has been waived.

Petitioner failed to assert this claim on direct appeal. *See supra* Findings of Facts 9; § 53-4A-1 (c); *Bowman*, 289 S.E.2d 435. Further, Petitioner fails to directly state any reason for this failure for the purposes of rebutting the presumption of waiver. *Ford*, 156 W.Va. 362. The Petitioner does in a previous section allege ineffective assistance of appellate counsel in failing to raise this claim. However, that issue has been found to lack merit. *See supra* p. 16. Therefore, the Court finds that Petitioner, who was represented by counsel on direct appeal, could have advanced this claim on direct appeal and did not. So, this issue is deemed WAIVED.

Further, Petitioner fails to advance any legal authority or factual basis for this claim. The Constitutionality of the statute under the Eighth Amendment to the United States Constitution does not differ significantly from the, already addressed constitutionality of the sentence, *supra* p. 17-18, because the sentence is statutory. So, as evident from the analysis above and the lack of factual support, this claim is without merit.

So, this issue is deemed WAIVED, and without factual support. Accordingly, this contention has no merit and the Court sees no need for an evidentiary hearing.

VIII.    Remaining Grounds

Petitioner in a section entitled Remaining Grounds states seven other grounds for relief without any legal support and very little or no factual support for the claims. The Court may "summarily deny unsupported claims that are randomly selected from the list of grounds," laid out in *Losh v. McKenzie*. *Losh v. McKenzie*, 166 W. Va. 762, 771 (1981); *Markley v. Coleman*, 215 W. Va. 729, 733 (2004). Without appropriate support, these remaining claims from the *Losh* list are hereby SUMMARILY DENIED.

IX.    Grounds Left Un-addressed

Petitioner completed a Checklist of Grounds for Post-Conviction Habeas Corpus Relief, which provides the grounds listed in *Losh v. McKenzie* and advises the Petitioner to initial the grounds he specifically waives and to raise all other grounds in his amended petition. Petitioner specifically waived the following grounds:  trial court lacked jurisdiction, denial of right to a speedy trial, involuntary guilty plea, language barrier to understanding the proceedings, denial of counsel, unintelligent waiver of counsel, double jeopardy, no preliminary hearing, illegal detention prior to arraignment, irregularities or errors in arraignment, failure to provide copy of indictment to defendant, improper venue, pre-indictment delay, refusal of continuance, prejudicial joinder of defendants, lack of full public hearing, claims of prejudicial statements by trial judges, acquittal of co-defendant on same charge, defendant's absence from part of the proceedings, question of actual guilt upon an acceptable guilty plea. Petitioner did not waive all other claims and raised a good portion of those claims in the Petition, which have been addressed above. As for the claims not waived but not raised in the Petition, the Court may "summarily

deny unsupported claims that are randomly selected from the list of grounds," laid out in *Losh v. McKenzie*. *Losh v. McKenzie*, 166 W. Va. 762, 771 (1981); *Markley v. Coleman*, 215 W. Va. 729, 733 (2004). Without any support, these remaining claims from the *Losh* list are hereby SUMMARILY DENIED.

Accordingly, the Court DENIES Petitioner's Amended Petition for Writ of Habeas Corpus, for the reasons set forth herein. The Court notes the objections and exceptions of the parties to any adverse ruling herein.

Therefore it is hereby ADJUDED and ORDERED that the Court finds no need for an evidentiary hearing in this matter and the Petitioner Nicole Kees's, Amended Petition for Writ of Habeas Corpus is DENIED.

The Court directs the Circuit Clerk to distribute attested copies of this order to the following counsels of record:

*Counsel for Petitioner, Nicole Kees:*
Christopher J. Prezioso, Esq.
Luttrell & Prezioso, PLLC
206 Burke Street
Martinsburg, WV 25401

*Counsel for Respondent:*
Christopher C. Quasebarth, Esq.
Chief Deputy Prosecuting Attorney
380 W. South Street, Suite 1100
Martinsburg, WV 25401

A TRUE COPY
ATTEST
Virginia M. Sine
Clerk Circuit Court
By: _Martha J Melnick_
Deputy Clerk

_____
CHRISTOPHER C. WILKES, JUDGE
TWENTY-THIRD JUDICIAL CIRCUIT
BERKELEY COUNTY, WEST VIRGINIA