# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State ex rel. Brandon Green,**
**Petitioner Below, Petitioner**

**FILED**

**February 11, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

vs) **No. 12-0078** (Berkeley County 10-C-467)

**Patrick Mirandy, Warden,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Brandon Green, by counsel Christopher J. Prezioso, appeals the Circuit Court of Berkeley County's order entered on December 16, 2011, denying his petition for writ of habeas corpus. Respondent Warden Mirandy[1], by counsel Christopher Quasebarth, filed a response in support of the circuit court's decision. Petitioner has filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was convicted by a jury of kidnapping, grand larceny, conspiracy to commit kidnapping, conspiracy to commit grand larceny, and battery based on his involvement in a robbery and kidnapping of a female victim. Petitioner was involved in the crimes with two co-defendants, one of whom pled guilty to first degree robbery, grand larceny, and conspiracy to commit grand larceny, while the other pled guilty to first degree robbery, conspiracy to commit kidnapping and unlawful wounding. Both testified against petitioner at trial, along with other witnesses. Petitioner filed an initial petition for writ of habeas corpus at which time he specifically waived any claim of ineffective assistance of counsel after extensive questioning on this issue by the circuit court. The petition was denied, and the appeal of this denial was refused by this Court. Petitioner then filed a second petition for writ of habeas corpus, attaching a letter from one of his co-defendants allegedly exonerating petitioner and admitting to perjury. Petitioner argued that the newly discovered evidence entitled him to a new habeas proceeding, and that his prior counsel was ineffective. The circuit court denied his petition for writ of habeas corpus and petitioner appeals this denial.

---

[1] Pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure, the name of the current public officer has been substituted as a respondent in this action.

1

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

On appeal, petitioner first argues that the circuit court erred in failing to hold an evidentiary hearing because probable cause existed to believe that petitioner was entitled to habeas relief, and because the credibility of petitioner's co-defendant should have been determined after a hearing. Petitioner also argues that the letter shows that he was convicted based upon perjured testimony. Finally, petitioner argues ineffective assistance of counsel based upon the prior waiver of his ineffective assistance of counsel claim.

In response, the State argues that a hearing was unnecessary and the circuit court did not err in ruling without holding a hearing. The State also argues that the circuit court properly found that the letter in question was not credible, and that the trial testimony corroborated the co-defendant's previous testimony. Finally, the State argues that petitioner knowingly waived his ineffective assistance of counsel claim, and makes no specific allegations of ineffective assistance that can be addressed by this Court.

This Court has previously addressed the denial of a writ of habeas corpus without a hearing, as follows:

> "A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief." Syl. Pt. 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973).

Syl. Pt. 2, *State ex rel. Watson v. Hill*, 200 W.Va. 201, 488 S.E.2d 476 (1997). In the present matter, the circuit court did not err in failing to hold an evidentiary hearing. A review of the record presented and of the circuit court's order shows that the circuit court properly determined, without the necessity of a hearing, that petitioner was not entitled to relief.

As to the other assignments of error, our review of the record reflects no clear error or abuse of discretion by the circuit court. Having reviewed the circuit court's "Order Denying Second Petition for Writ of Habeas Corpus" entered on December 16, 2011, we hereby adopt and incorporate the circuit court's well-reasoned findings and conclusions as to the assignments of error raised in this appeal. The Clerk is directed to attach a copy of the circuit court's order to this memorandum decision.

For the foregoing reasons, we affirm the circuit court's order.

Affirmed.

**ISSUED:**  February 11, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

12-0078

R Prezioso

IN THE CIRCUIT COURT OF BERKELEY COUNTY, WEST VIRGINIA
Division II

State ex rel. BRANDON GREEN

    Petitioner,

v.

ADRIAN HOKE, Warden,

    Respondent.

CIVIL CASE NO. 10-C-467
Underlying Criminal Case No.: 03-F-79
Previous Habeas Case Co.: 08-C-909
JUDGE WILKES

## ORDER DENYING SECOND PETITION FOR WRIT OF HABEAS CORPUS

This matter came before the Court this ___16___ day of December 2011, pursuant to Petitioner's Petition for Post-Conviction Habeas Corpus Relief. Upon the written appearance of Petitioner, Brandon Green, by Counsel Christopher J. Prezioso, and Respondent, Adrian Hoke, Warden, by counsel, Christopher C. Quasebarth, the pleadings and papers filed herein, review of the underlying cases, and review of the pertinent legal authorities, the Court rules as follows.

### Findings of Fact

1. In July of 2002, Petitioner was involved in a robbery, beating and kidnapping with co-defendants Amber Crummitt and Daniel Herbert.

2. Ms. Crummitt plead guilty to First Degree Robbery, Grand Larceny, and Conspiracy to Commit Grand Larceny. [State v. Crummitt, Case No. 03-F-81]

3. Mr. Herbert plead guilty to First Degree Robbery Conspiracy to Commit Kidnapping, and Unlawful Wounding. [State v. Herbert, Case No. 03-F-139]

4. In Feburary of 2003, Petitioner was indicted for Kidnaping, Malicious Wounding, Grand Larceny, Conspiracy to Commit Kidnaping, Conspiracy to Commit Malicious Wounding, and Conspiracy to Commit Grand Larceny.

5. At trial, the State produced evidence including: a viewing of the crime scene; testimony of Brent Bowser, who observed the victim escape from the trunk of the car while traveling on I-70; testimony of Howard Brode, who also observed the victim escape from the trunk of the car; testimony of Carol Willison, who testified to seeing the two persons of the male defendant's description in the car and also seeing the victim later escape from the same car; testimony of Maryland State Trooper McDonough who first responded to the calls regarding the victim escaping from the trunk and who interviewed the victim and made record of the initial crime scene; testimony of Daytona Beach City Police Officer Michael Stens who interviewed Petitioner and Ms. Crummitt after their arrest in Florida; a viewing of the video tape of the Petitioner's properly mirandized interview with Officer Stens wherein the Petitioner admitted that he and another person got into a physical altercation with the victim at his home in West Virginia and that he had been using drugs at the time (though not recent in time to the interview) and that he and Ms. Crummitt later drove the victim's car to Daytona Beach; testimony of the victim Misty Hyson, who testified to the acts and surrounding circumstances of the Petitioner and the co-defendants; testimony of W.Va State Trooper Kingery who responded to a possible kidnapping call and interviewed the victim at the hospital; testimony of Jason Chute of the W.Va. State Police Laboratory who testified that the DNA on trash bag at the scene of the beating was that of the victim; testimony of Daniel Herbert, codefendant, who testified to his plea, the plan he made with the Petitioner to rob the victim, and the actions

and circumstances of the crimes; and testimony of Amber Crummit, codefendant, who testified to her plea and the actions and circumstances of the crimes. The state also introduced several pieces of physical evidence.

6. At trial the Petitioner cross-examined or had the opportunity to cross-examine each witness.

7. The Petitioner elected not to put on any evidence.

8. At the close of evidence at the trial, the overwhelming evidence showed that Petitioner and Mr. Herbert and/or Ms. Crummitt had made an agreement to rob or otherwise victimize Ms. Hyson; that Petitioner after using drugs with all involved, severely beat and choked Ms. Hyson, and along with his co-defendants robbed her of at least her Honda vehicle, after forcing her into the trunk of her own car. Petitioner then drove the vehicle around the area, and in Maryland Ms. Hyson escaped from the trunk of her car on the Interstate. At some point thereafter, Petitioner and Ms. Crummitt went to Florida in Ms. Hyson's car, where they were arrested.

9. After instructions, arguments, deliberations and other procedure, the jury found the Petitioner guilty of the felony offenses of Kidnaping, Grand Larceny, Conspiracy to Commit Kidnaping, Conspiracy to Commit Grand Larceny, and the misdemeanor offense of Battery.

10. Post-trial motions were made and argued by Petitioner. These motions were denied by the Court.

11. At sentencing, Petitioner was sentenced to one year on the misdemeanor conviction of Battery, life with mercy on the Kidnapping conviction, a term of not less than one nor more than 10 years (1-10 years) on the Grand Larceny conviction, a term of not less than

one nor more than five (1-5 years) on the first Conspiracy conviction, and a term of not less than one nor more than five (1-5 years) on the second Conspiracy conviction. These sentences were ordered to run consecutively, except the sentences for the Conspiracy convictions: the Conspiracy to Commit Kidnapping sentence was ordered to run concurrent with the Kidnapping sentence, and the Conspiracy to Commit Grand Larceny was order to run concurrent with the Grand Larceny sentence.

12. Upon a motion for reconsideration of sentence, the Court ordered all sentences to run concurrently.

13. Petitioner made a direct appeal of his conviction and raised the following issues: whether the trial court properly exercised its discretion in answering a question from the jury over a typographical contraction in the jury instructions. whether the trial court properly exercised its discretion in denying the petitioner's motion to dismiss all charges, whether the trial court properly exercised its discretion in denying the Petitioner's motion to suppress, whether the trial court properly exercised its discretion by allowing one of the State's preemptory challenges, whether the trial court properly exercised its discretion in instructing the jury on separate counts of conspiracy, whether the trial court properly exercised its discretion after the close of evidence but before deliberation in replacing a juror with an alternate, whether the trial court properly exercised its discretion in denying petitioner's motion for acquittal, whether the trial court properly exercised its discretion in denying Petitioner's motion for a new trial, and whether any harmless trial errors existed that cumulatively would justify a new trial.

14. The Petition for Appeal was refused by the West Virginia Supreme Court of Appeals.

15. During the trial, post-trial motions period, sentencing, and appeal, Petitioner was represented by Counsel Kevin Mills, Esq.

16. In July of 2008, Petitioner filed a Petition for Writ of Habeas Corpus. Petitioner retained Kevin Mills, Esq. to represent him in this action. A *Losh* List was filed and the Court directed the Respondent to file a return to the Petition.

17. At a status hearing, the Court inquired of the Petitioner and his Counsel regarding the continued representation. The Court informed the Petitioner that since Mr. Mills had been Petitioner's trial and appellate counsel he would not be claiming ineffective assistance of counsel at this Habeas proceeding. Mr. Mills, on the record, stated that he fully discussed and explained the issue and consequences thereof with the Petitioner as well as his family. Mr. Mills reported that Petitioner consistently stated that he wished to give up his right to a claim of ineffective assistance of counsel. The Court inquired of Petitioner personally, and the Petitioner on the record affirmed that he heard and understood what Mr. Mills said in Court, that it was all true, and that he waived his right to this claim. Further, the Court explained what this meant and Petitioner affirmed his understanding of it. The Court also instructed Petitioner of his other options and that "it's pretty much set in stone..." and that it would very difficult for him to ever back out of this after this point. Petitioner acknowledged this and stated on the record that he wants to waive this claim because Mr. Mills had been effective and "did the best thing he could for me so far."

18. Petitioner's first Petition for Writ of Habeas Corpus raised the following grounds for relief: (1) violation of due process rights when the State destroyed key evidence which Petitioner was entitled to inspect; (2) the statutory sentencing scheme violates the Fifth

and Sixth Amendents; (3) violation of Petitioner's Fourth Amendment rights in Court's failure to grant motion to suppress; (4) violation of Petitioner's Sixth Amendment rights to fair trial by jury when Court allowed state allowed preemptory challenge of the only African-American Juror; (5) violation of Petitioner's Sixth and Fourteenth Amendment rights in the excusing of a juror and inserting a substitute juror; (6) violation of Petitioner's Sixth and Fourteenth Amendment rights in allowing a biased juror participation in deliberations; (7) violation of Petitioner's Fifth Amendment double jeopardy rights in instructing the jury and allowing argument thereon; (8) violation of Petitioner's due process in insufficient evidence to create reasonable doubt; (9) violation of Petitioner's Sixth and Fourteenth Amendment rights in improper jury instructions; and (10) cumulative error rising to a constitutional level. The petition also included other grounds "not specifically endorsed by counsel." In this last section, Petitioner argued that Daniel Herbert falsely testified.

19. After several status hearings and consideration of the written filings of the parties, the Court DENIED Petitioner's Petition for Writ of Habeas Corpus.

20. Petitioner appealed the Court's Ruling to the West Virginia Supreme Court of Appeals.

21. The West Virginia Supreme Court of Appeals refused Petitioner's Appeal.

22. On June 11, 2010, Petitioner filed the instant Petition for Writ of Habeas Corpus, Pro Se.

23. The Court appointed counsel.

24. By agreement of the Parties, the case was transferred to Judge Wilkes.

25. On August 26, 2011, Petitioner, through counsel, filed the instant (Amended) Second Petition for Writ of Habeas Corpus.

26. On August 29, 2011, the Court Ordered Respondent to fully and completely respond to the Petition.

27. On November 8, 2011, Respondent, by counsel, filed a Return to the Petition for Habeas Corpus.

## Conclusions of Law

This matter comes before the Court upon Petitioner's Second Petition for Writ of Habeas Corpus. Counsel has previously been appointed for this matter, an amended petition filed, and subsequent to an initial review the Court has ordered the respondent to file a return. At this point in the proceedings the Court shall review the relevant filings, affidavits, exhibits, records and other documentary evidence attached to the Petition to determine if any of Petitioner's claims have merit and demand an evidentiary hearing to determine if the Writ should be granted. Otherwise, the Court must issue a final order denying the Petition.

The procedure surrounding petitions for writ of habeas corpus is "civil in character and shall under no circumstances be regarded as criminal proceedings or a criminal case." W. Va. Code § 53-4A-1(a); *State ex rel. Harrison v. Coiner*, 154 W. Va. 467 (1970). A habeas corpus proceeding is markedly different from a direct appeal or writ of error in that only errors involving constitutional violations shall be reviewed. *Syl. Pt. 2., Edwards v. Leverette*, 163 W. Va. 571 (1979). However, on a subsequent petition for writ of habeas corpus, like the one before the Court, the West Virginia Supreme Court of Appeals has limited the grounds for petition to three specific areas, which are "ineffective assistance of counsel at the habeas corpus hearing; newly discovered evidence; or, a change in the law, favorable to the applicant, which may be applied retroactively." *Syl. Pt. 4., Losh v. McKenzie*, 166 W.Va. 762 (1981).

"If the petition, affidavits, exhibits, records and other documentary evidence attached thereto, or the return or other pleadings, or the record in the proceedings which resulted in the conviction and sentence . . . show to the satisfaction of the court that the petitioner is entitled to no relief, or that the contention or contentions and grounds (in fact or law) advanced have been previously and finally adjudicated or waived, the court shall enter an order denying the relief sought."
W. Va. Code § 53-4A-7(a).

If the Court upon review of the petition, exhibits, affidavits, or other documentary evidence is satisfied that the petitioner is not entitled to relief the court may deny a petition for writ of habeas corpus without an evidentiary hearing. *Syl. Pt. 1, Perdue v. Coiner*, 156 W. Va. 467 (1973); *State ex rel. Waldron v. Scott*, 222 W. Va. 122 (2008). Upon denying a petition for writ of habeas corpus the court must make specific findings of fact and conclusions of law as to each contention raised by the petitioner, and must also provide specific findings as to why an evidentiary hearing was unnecessary. *Syl. Pt. 1, State ex rel. Watson v. Hill*, 200 W. Va. 201 (1997); *Syl. Pt. 4., Markley v. Coleman*, 215 W. Va. 729 (2004); R. Hab. Corp. 9(a).

Also, any claims that either have been "previously and finally adjudicated" or could have been advanced on direct appeal or a previous post-conviction proceeding may not form the basis for habeas relief (the prior being precluded and the latter being waived). *See* W.Va. Code 53-4A-1(b),(c); *Bowman v. Leverette*, S.E.2d 435 (1982). A claim adjudicated in a previous post-conviction proceeding is precluded when it was an "omnibus habeas corpus proceeding" and petitioner was either represented by counsel or knowingly waived his right to be represented by counsel. *Losh v. McKenzie*, 277 S.E.2d 606 (1981).

Last, "whether in the first habeas corpus petition or a subsequent habeas corpus, petition, habeas corpus allegations must have adequate factual support." *Markley v. Coleman*, 215 W.Va.

729, 734 (2004). "A mere recitation of any of our enumerated grounds without detailed factual support does not justify the issuance of a writ, the appointment of counsel, and the holding of a hearing." *Losh v. McKenzie*, 166 W.Va. 762, 771 (1981).

This Petition raises two grounds for relief: violation of Petitioner's Due Process rights because of perjured testimony with newly discovered evidence to support the same, and violation of Petitioner's Sixth Amendment rights by ineffective assistance of habeas counsel. These two issues will be taken up in turn, and after analysis it is clear that no evidentiary hearing is necessary and Petitioner is not entitled to any relief.

I.     Claim regarding Petitioner's Due Process rights

The Court initially notes that this claim was raised by Petitioner at a previous Omnibus Habeas Corpus proceeding, and as such, it normally cannot form the basis for habeas relief. *Losh v. McKenzie*, 277 S.E.2d 606 (1981). However, the Court finds that this ground does fit within those allowed on a Second Petition for a Post-Conviction Writ of Habeas Corpus because it is at least in part based upon some newly discovered evidence: the letter from Mr. Herbert. While it is possible that this evidence may have been available at previous post conviction proceedings, it is unclear to what extent Mr. Herbert, co-defendant, was available or willing to speak about the allegations in his letter attached to the Petition. Accordingly, the Court will treat this as newly discovered evidence.

The letter attached to the Petition, written by Petitioner's co-defendant who is currently incarcerated at Mount Olive Correctional Center for his role in the same offenses for which Petitioner is incarcerated, is described as demonstrating that the Petitioner is innocent. The Petitioner uses this to argue that his due process rights, as protected by the West Virginia and

United States Constitutions, were violated because Mr. Herbert's testimony was perjury. Petitioner's argument fails, and Mr. Herbert's letter is insufficient to create a due process violation, for two reasons: first, the claims made in Mr. Herbert's letter seriously lack credibility; and second, Mr. Herbert's letter's brief version of the events likely still constitutes the crimes Petitioner was found guilty of.

A review of the letter reveals that it neither demonstrates Petitioner's innocence nor Mr. Herbert's false testimony. Almost the entire letter written by Mr. Herbert is consistent with his trial testimony. Mr. Herbert's very brief recitation of the events constituting Petitioner's crimes likely still constitute the crimes for which Petitioner was found guilty.

The only differences between the letter and Mr. Herbert's testimony are that the letter states that just before the beating and kidnapping "Mysty [victim Hyson] started tripping and pulled out a knife." He also states that Petitioner was not in the car just after the beating and kidnapping when they drove into Maryland and the victim escaped. Last, he states that because he was implicated as involved in this crime he "took a plea and lied."

Further, each of the claims by Mr. Herbert in the letter (the three differences) clearly lack credibility. First, in light of the other testimony and the circumstances, it is extremely unlikely that the victim pulled out a knife. The crime scene was Petitioner's own home, yet no knife or evidence thereof is produced or alluded to. Further, the other co-defendant and the victim's testimony at trial corroborate the version of events recited at trial. *See supra* Findings of Fact ¶¶ 5, 8. Second, in light of the other testimony and circumstances, it is extremely unlikely that Petitioner was not in the car with the Mr. Herbert. Ms. Willison, an independent, disinterested witness, testified that she saw two men of the Petitioner and Mr. Herbert's description in the car at the time in question. Further, it seems unlikely under the circumstances of this crime, that

Petitioner would stay at his house while the kidnap victim was being moved, and then immediately be picked up after the victim's escape by the co-defendant for no recited reason. Third, Mr. Herbert's claim that he lied is extremely unlikely because of the voluminous corroborating testimony. The whole of Mr. Herbert's testimony at trial, as opposed to his recitation in the letter, was corroborated by Police investigators, the Petitioner's voluntary admissions, the DNA evidence, and the independent witnesses. Accordingly, the Court finds the three differences by Mr. Herbert in the attached letter to have no credibility.

Therefore, considering that the letter's version likely still constitutes the crimes and that the letter's version lacks credibility in light of the circumstances on corroborating evidence, it is clear that Petitioner is not entitled to relief, and the Court sees no need for an evidentiary hearing. *See Losh v. McKenzie*, 277 S.E.2d 606 (1981).

II. Claim regarding Petitioner's Sixth Amendment rights

Here Petitioner makes a permissible argument that his counsel at the first Habeas proceeding, Kevin Mills, Esq., was ineffective in violation of his right to counsel as protected by the West Virginia and United States Constitutions. Petitioner argues that Mr. Mills improperly advised him to waive his right to claim ineffective assistance of counsel, and that his waiver was involuntary.

Both the Sixth Amendment to the Constitution of the United States and Article III, §14 of the Constitution of West Virginia assure not only the assistance of counsel, but that a defendant should receive "competent and effective assistance of counsel." *State ex rel. Strogen v. Trent*, 196 W. Va. 148, 152 (1996). In order to evaluate whether a defendant has received competent and effective assistance from their counsel West Virginia has adopted the two pronged test

established by the United State Supreme Court in *Strickland v. Washington*. In order to prevail on a claim of ineffective assistance of counsel a petitioner under the two-prong test must show: "(1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Syl. Pt. 5, State v. Miller*, 194 W. Va. 3 (1995) (referencing *Strickland v. Washington*, 466 U.S. 668 (1984)) (hereinafter "*Strickland* test"). "In reviewing counsel's performance, courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Thus, a reviewing court asks whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue." *Syl. Pt. 6, State v. Miller*, 194 W. Va. 3 (1995); *Syl. Pt 2, State ex rel. Strogen v. Trent*, 196 W. Va. 148, 152 (1996). Under a consistent policy shown by the West Virginia Supreme Court of Appeals and the United States Supreme Court the analysis under ineffective assistance of counsel "must be highly deferential and prohibiting 'intensive scrutiny of counsel and rigid requirements for acceptable assistance.'" *State v. Miller*, 194 W. Va. 3, 16 (1995) (citing *Strickland v. Washington*, 466 U.S. 668, 689-90 (1984)). "Where a counsel's performance, attacked as ineffective, arises from occurrences involving strategy, tactics and arguable courses of action, his conduct will be deemed effectively assistive of his client's interests, unless no reasonably qualified defense attorney would have so acted in the defense of an accused." Syllabus Point 21, *State v. Thomas*, 157 W. Va. 640, 203 S.E.2d 445 (1974).

Petitioner admits and the record shows that Petitioner, in open court, waived his right to the claim of ineffective trial and appellate counsel in an intelligent and voluntary manner.

Considering the claim Petitioner makes here is based upon the ineffective assistance of Trial and Appellate Counsel, the claim clearly could have been advanced in the previous post-conviction proceeding, and was waived. As such, it cannot form the basis for relief. *See* W.Va. Code 53-4A-1(b),(c); *Bowman v. Leverette*, S.E.2d 435 (1982).

Even so, Petitioner fails to meet the *Strickland* test. He argues that this situation creates "*per se* ineffective assistance of counsel." Yet, Petitioner recites no factual basis that would have entitled him to relief on this claim in the first Habeas proceeding. As such, it clearly fails the second prong of the test. Petitioner goes on to state that counsel never properly explained the *Losh* list to him. Yet, the meaning of his waivers were explained in open court when he discussed waiving the ineffective assistance of counsel claims, which he intelligently acknowledged his understanding of. Further, Petitioner fails to state why any of the items waived would have entitled him to relief in the first Habeas proceeding. Accordingly, it is clear that these contentions by the Petitioner fail the *Strickland* test. None of Petitioner's contentions, nor their cumulative effect, appear to be capable of meeting the two-prong *Strickland* test.

Therefore, the basis for relief request under the claim of ineffective assistance of counsel has been waived and also has no merit, so it is clear that Petitioner is not entitled to relief and the Court sees no need for an evidentiary hearing.


Accordingly, the Court DENIES Petitioner's Second (Amended) Petition for Writ of Habeas Corpus, for the reasons set forth herein. The Court notes the objections and exceptions of the parties to any adverse ruling herein.

Therefore it is hereby ADJUDED and ORDERED that the Court finds no need for an evidentiary hearing in this matter and the Petitioner Brandon Green's, Second (Amended) Petition for Writ of Habeas Corpus is DENIED.

The Court directs the Circuit Clerk to distribute attested copies of this order to the following counsels of record:

*Counsel for Petitioner:*
Christopher J. Prezioso, Esq.
Luttrell & Prezioso, PLLC
206 Burke Street
Martinsburg, WV 25401

*Counsel for Respondent:*
Christopher C. Quasebarth, Esq.
Chief Deputy Prosecuting Attorney
380 W. South Street, Suite 1100
Martinsburg, WV 25401

CHRISTOPHER C. WILKES, JUDGE
TWENTY-THIRD JUDICIAL CIRCUIT
BERKELEY COUNTY, WEST VIRGINIA

A TRUE COPY
ATTEST
Virginia M. Sine
Clerk Circuit Court
By: _____
Deputy Clerk