488 S.E.2d 476

**STATE of West Virginia ex rel. Terry Lynn WATSON**

v.

**Honorable George W. HILL, Jr., Judge of the Circuit Court of Wood County.**

**No. 23849.**

Supreme Court of Appeals of West Virginia.

Submitted Feb. 25, 1997.

Decided June 10, 1997.

Terry Lynn Watson, Pro Se.

WORKMAN, Chief Justice:

This is a petition for a writ of mandamus and/or prohibition, in which the Petitioner, Terry Lynn Watson, seeks to compel the Honorable George W. Hill, Judge of the Circuit Court of Wood County, to consider and decide the Petitioner's post-conviction habeas corpus petition on its merits. We agree that the Petitioner is entitled to a hearing on the merits of his claim of ineffective assistance of counsel, and we grant a writ of mandamus to that effect.

On August 16, 1993, a jury found the Petitioner guilty of malicious assault, a felony defined in West Virginia Code section 61–2–9(a) (1994). Based on an information stating that the Petitioner had two prior felony convictions, the circuit court sentenced the Petitioner to life in prison. *See* W.Va.Code §§ 61–11–18, –19 (1994). The Petitioner appealed to this Court, alleging numerous errors in the circuit court proceedings. By order dated October 13, 1994, this Court refused the appeal, without prejudice to file a writ of habeas corpus. On August 20, 1996, the Petitioner filed a petition for a writ of habeas corpus in Wood County Circuit Court.

Judge Hill, who had presided over the trial, denied the petition the following day.

The underlying events are related by the Petitioner as follows. On November 27, 1992, the Petitioner was charged with malicious assault on his wife, Leanne Watson. Mrs. Watson alleged that the Petitioner had broken her nose and given her a black eye during an argument on the evening of November 26, 1992. At the trial on August 16, 1993, Mrs. Watson stated that her husband had hit or slapped her several times while the two were in the car during an evening of bar-hopping. Dr. Audrey Grant, the examining physician, testified that Mrs. Watson had bruising and swelling on one side of her face, and that an x-ray indicated a fractured nose. Mrs. Watson had admitted at the preliminary hearing that her nose had been broken previously in 1985. During the trial, on cross-examination, Dr. Grant stated that it would be difficult to tell from the x-rays whether the fracture was recent or old without a comparison to the 1985 films. The officer who received the domestic call and who interviewed Mrs. Watson on the night of the alleged crime also testified. The Petitioner did not testify in his defense, but did call three witnesses intended to undermine Mrs. Watson's testimony. Based on this evidence, the jury found the Petitioner guilty of malicious assault.

The Petitioner seeks an omnibus habeas corpus hearing to address the following issues: (1) ineffective assistance of counsel; (2) whether the indictment was secured by fraud; (3) whether the State proved every element of the offense beyond a reasonable doubt; (4) denial of the defendant's motion to set aside the verdict due to insufficient evidence; (5) whether the circuit court constructively amended the indictment by omitting an essential element from its instructions to the jury; (6) whether West Virginia Code section 61–2–9(a) is unconstitutionally vague; (7) whether West Virginia Rules of Civil Procedure 8 required joinder of all charges arising from incidents occurring on November 26, 1992; and (8) the cumulative effect of all the alleged errors. He also asserts that the circuit court's order denying his petition did not comply with statutory requirements.

We address first the Petitioner's assertion that the order denying his habeas petition was not in compliance with West Virginia Code section 53–4A–7(c) (1994). That section provides:

> When the court [in a post-conviction habeas corpus proceeding] determines to deny or grant relief ... the court shall enter an appropriate order.... In any order entered in accordance with the provisions of this section, the court shall make specific findings of fact and conclusions of law relating to each contention or contentions and grounds (in fact or law) advanced, shall clearly state the grounds upon which the matter was determined, and shall state whether a federal and/or state right was presented and decided.

The Petitioner raised numerous grounds for habeas corpus review, as detailed above. The text of Judge Hill's order, in its entirety, reads:

> Upon consideration of the petition for habeas corpus the court is of the opinion that the allegations are entirely without merit and that good cause for the filing thereof and appointment of counsel has not been shown.
>
> Accordingly, the requests to file the petition and to appoint new counsel are hereby DENIED.

We agree with the Petitioner that this order was insufficient. As Justice Cleckley pointed out recently in *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995), "[t]he mission of the appellate judiciary is neither to mull theoretical abstractions nor to practice clairvoyance." *Id.* at 14, 459 S.E.2d at 125 (quoting *Moore v. Murphy*, 47 F.3d 8, 10 (1st Cir.1995)). Our review of the circuit court's order denying an omnibus habeas corpus hearing is hindered by the circuit court's failure to articulate its reasons for denial. West Virginia Code section 53–4A–7(c) (1994) requires a circuit court denying or granting relief in a habeas corpus proceeding to make specific findings of fact and conclusions of law relating to each contention advanced by the petitioner, and to state the grounds upon which the matter was determined. We therefore direct the circuit court to issue an order that includes these findings.

■ With regard to whether a writ of mandamus should issue, this Court has held:

> A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief.

Syl. Pt. 1, *Perdue v. Coiner,* 156 W.Va. 467, 194 S.E.2d 657 (1973). Code section 53–4A–3 (1994), directs that a writ of habeas corpus be granted if it appears to the court that there is probable cause to believe that the petitioner may be entitled to some relief. This section contemplates an exercise of discretion by the circuit court. 156 W.Va. at 469–70, 194 S.E.2d at 659. Judge Hill, having presided over the trial, is sufficiently familiar with the underlying proceedings to determine most of the issues presented by the Petitioner without a hearing.

A notable exception is the Petitioner's allegation of ineffective assistance of counsel. In *Losh v. McKenzie,* 166 W.Va. 762, 277 S.E.2d 606 (1981), this Court said:

> In general, the post-conviction habeas corpus statute . . . contemplates that every person convicted of a crime shall have a fair trial in the circuit court, an opportunity to apply for an appeal to this Court, and one omnibus post-conviction habeas corpus hearing at which he may raise any collateral issues which have not previously be fully and fairly litigated.
>
> Frequently habeas corpus petitioners seek collateral review of evidentiary or constitutional questions, such as the admissibility of a confession or failure to exclude physical evidence, when those issues were fully and fairly litigated during the trial and a record of the proceedings is available. . . .
>
> There are other issues, however, such as incompetency of counsel, . . . which will not have been raised or litigated in the underlying proceeding.

*Id.* at 764–65, 277 S.E.2d at 609. There the Court concluded that "[t]hose issues, such as incompetency of counsel, of which [the petitioner] would have been unaware at trial, must be litigated in a collateral proceeding." *Id.* at 767, 277 S.E.2d at 610.

■ Although the Petitioner alleges numerous errors by his trial counsel, his primary contention is that his counsel failed to obtain the x-rays from a 1985 fracture of Mrs. Watson's nose or to obtain an expert radiologist to testify as to the origin of the fracture shown on the x-rays introduced at trial. The Petitioner also claims that his lawyer erroneously advised him that if he took the stand the prosecution could introduce evidence of his prior crimes. Without a habeas corpus hearing, the Petitioner's counsel has no opportunity to explain his reasons for taking such actions. As we noted in *Miller,* "[i]n cases involving ineffective assistance on direct appeals, intelligent review is rendered impossible because the most significant witness, the trial attorney, has not been given the opportunity to explain the motive and reason behind his or her trial behavior." 194 W.Va. at 14–15, 459 S.E.2d at 125–26. The same is true for our review of denials of such claims in habeas petitions, especially where the order denying the petition includes no findings. We therefore grant the writ of mandamus as it relates to the Petitioner's claim of ineffective assistance of counsel.

■ This Court in *Miller* set out guidelines for assessing claims of ineffective assistance of counsel. In syllabus point five, we said:

> "In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984):(1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different."

It is possible in this case that the lower court could have denied the Petitioner's request for a hearing because it concluded that the Petitioner's claims did not meet the second prong of this test, i.e., there was no reasonable probability that these errors, if they were in fact errors, would have changed the outcome in the case. If that was the court's reasoning, it should have been included in the order denying the petition for habeas corpus. Without any findings whatsoever, this Court

can exercise no meaningful review, and is compelled to order a hearing.

The *Miller* Court also provided the following guidance, in syllabus point six:

"In reviewing counsel's performance, courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Thus, a reviewing court asks whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue."

The circuit court should be guided by these principles in its assessment of the Petitioner's claims.

For the reasons set out above, we grant the writ of mandamus as it relates to ineffective assistance of counsel. We direct the Circuit Court of Wood County hold a habeas corpus hearing on the merits of the Petitioner's ineffective assistance claim and to issue an order that includes findings of fact and conclusions of law relating to each contention advanced by the Petitioner as required by West Virginia Code section 53–4A–7(c).

Writ granted as moulded.