# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**William R. Ward,**
**Petitioner Below, Petitioner**

vs) **No. 12-0490** (Fayette County 12-C-77)

**Evelyn Seifert, Warden,**
**Respondent Below, Respondent**

**FILED**

February 11, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner William Ward, appearing *pro se,* appeals the Circuit Court of Fayette County's order entered on March 26, 2012, denying his petition for writ of habeas corpus. Respondent Warden Seifert, by counsel Laura Young, filed a response in support of the circuit court's decision. Petitioner has filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was indicted on two counts of first degree sexual abuse, two counts of incest, and two counts of sexual abuse by a guardian or custodian. On the date his trial was to begin, petitioner's counsel suffered a medical episode and a mistrial was declared. On the date of the second trial, petitioner's counsel again was suffering from medical issues and was subsequently excused and replaced by another lawyer from his firm. Petitioner absconded after the first day of trial, and did not reappear for trial. Petitioner's eleven-year-old victim testified against him at trial. Petitioner was then found guilty by a jury of all six counts. Following petitioner's arrest, the circuit court sentenced him to fifteen to thirty-five years of incarceration on each of the two first degree sexual assault charges; five to fifteen years of incarceration on each of the two incest charges; and ten to twenty years of incarceration on the sexual abuse by a parent, guardian, or custodian charges. All counts were to run consecutively except the incest charges, which were to run concurrently. Petitioner then filed a *pro se* petition for writ of habeas corpus, arguing ineffective assistance of counsel, insufficiency of the evidence, and problems with the jury pool. The petition was denied without appointment of counsel or an evidentiary hearing. Petitioner appeals from this denial.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a
> habeas corpus action, we apply a three-prong standard of review. We review the

1

final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

Petitioner first argues that his counsel was ineffective in not moving for a mistrial or a continuance when his counsel had to be substituted; in not seeking a mental evaluation because he claims he had a nervous breakdown, resulting in his absconding from trial; and, in failing to move for a continuance after he absconded. The State argues that counsel had no grounds for a mistrial, as a trial may continue without the defendant and because his alleged mental problems only arose when he absconded. Further, the State argues that petitioner has failed to assert any specific grounds showing his counsel was ineffective in any other area.

This Court finds no merit in petitioner's ineffective assistance of counsel claims. First, petitioner has failed to specifically state how he was prejudiced by the substitution of counsel, or how substituted counsel was in any manner deficient. Moreover, petitioner has produced no evidence that he was or is suffering from a mental deficiency. As to petitioner's absence from trial, Rule 43 of the West Virginia Rules of Criminal Procedure states specifically that a trial may continue if the defendant has voluntarily absented himself from trial. Thus, counsel had no basis on which to move for a mistrial.

With regard to the jury selection, petitioner argues that he was prejudiced because one of the jurors was familiar with the prosecuting attorney, because another juror made a disparaging comment about him, and because the judge had more than a casual acquaintance with a third juror. The State argues in response that the juror who knew the prosecuting attorney only knew the elected prosecuting attorney, not the assistant prosecuting attorney assigned to petitioner's case, and the juror stated that he could remain unbiased. Moreover, the State notes that the juror who made the disparaging comment was immediately stricken, and the comment was only overheard by one other juror. Lastly, the State argues that there is no cause to disqualify a juror merely because he or she may have been friendly with, or know, the judge.

Petitioner has cited no caselaw in support of his contention that the circuit court erred in jury selection. First, the juror who knew the elected prosecutor had no relationship with the attorney actually prosecuting the action and stated that he was unbiased. Moreover, there is no caselaw that states that when a juror is familiar with the judge that the juror is somehow disqualified from a trial. Finally, the juror who made a disparaging comment about petitioner was immediately stricken and the judge inquired as to whether another juror heard the comment. We find no error in the circuit court's jury selection as complained of by petitioner.

Petitioner also argues that the evidence was insufficient because it was all circumstantial. The State argues that the evidence was not circumstantial, as petitioner's victim testified as to the sexual abuse perpetrated by petitioner against her. This Court finds petitioner's argument without merit, as petitioner gives no specifics on how the evidence against him was insufficient. Pursuant

to Rule 10(c)(7) of the Rules of Appellate Procedure, this Court disregards this assignment of error based on its inadequacy.

Finally, petitioner argues that the circuit court erred in failing to hold an evidentiary hearing because the failure to hold a hearing precluded him from developing the assignments of error in his petition. In response, the State argues that a hearing was unnecessary and the circuit court did not err in ruling without holding a hearing.

This Court has previously addressed the denial of a writ of habeas corpus without holding a hearing, as follows:

> "A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief." Syl. Pt. 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973).

Syl. Pt. 2, *State ex rel. Watson v. Hill*, 200 W.Va. 201, 488 S.E.2d 476 (1997). In the present matter, the circuit court did not err in failing to hold an evidentiary hearing. A review of the record presented and of the circuit court's order shows that the circuit court properly determined that petitioner was not entitled to relief without the necessity of a hearing.

For the foregoing reasons, we affirm the circuit court's order.

Affirmed.

**ISSUED:** February 11, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II