# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**February 11, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**Paul K. Hardy,**
**Petitioner Below, Petitioner**

vs) **No. 11-1281** (Berkeley County 08-C-1178)

**Marvin Plumley, Warden,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Paul K. Hardy, by counsel Christopher J. Prezioso, appeals the Circuit Court of Berkeley County's order entered on August 9, 2011, denying his petition for writ of habeas corpus. Respondent Warden Plumley[1], by counsel Christopher Quasebarth, filed a response in support of the circuit court's decision. Petitioner has filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Revised Rules of Appellate Procedure.

Petitioner pled guilty under an *Alford* plea to one count of first degree robbery, one count of burglary, two counts of wanton endangerment with a firearm, and one count of destruction of property. Petitioner filed a petition for writ of habeas corpus, alleging ineffective assistance of counsel, competency issues, and that his sentence violates the Eighth Amendment of the United States Constitution. The petition for writ of habeas corpus was denied. Petitioner now appeals this denial.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a
> habeas corpus action, we apply a three-prong standard of review. We review the
> final order and the ultimate disposition under an abuse of discretion standard; the

---

[1] Pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure, we have replaced the respondent party's name with Warden Marvin Plumley of Huttonsville Correctional Center. The initial respondent on appeal, David Ballard, is the Warden at Mount Olive Correctional Complex, but petitioner is no longer incarcerated at Mount Olive.

underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

On appeal, petitioner first argues that the circuit court erred in failing to hold an evidentiary hearing because probable cause existed to believe that petitioner was entitled to habeas relief. Petitioner further argues that his counsel was ineffective; specifically, petitioner alleges that he was unduly coerced by counsel into signing the plea agreement, that counsel did not properly explore mental health defenses, that counsel did not properly investigate the case, and that counsel failed to explain that he had the right to appeal. Petitioner also argues that he suffered with issues of competency at the time he entered his guilty plea, and that his sentence was unduly harsh in violation of the Eighth Amendment of the United States Constitution.

In response, the State argues that a hearing was unnecessary and the circuit court did not err in denying relief absent a hearing. The State also argues petitioner's counsel was effective and that there was no evidence that petitioner was suffering from any mental illness or competency issues. Finally, the State argues that petitioner's sentence is not subject to review because it is within the statutory limits.

This Court has previously addressed the denial of a writ of habeas corpus without holding a hearing, as follows:

> "A court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief." Syl. Pt. 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973).

Syl. Pt. 2, *State ex rel. Watson v. Hill*, 200 W.Va. 201, 488 S.E.2d 476 (1997). In the present matter, the circuit court did not err in failing to hold an evidentiary hearing. A review of the record presented and of the circuit court's order shows that the circuit court properly determined that petitioner was not entitled to relief without the necessity of a hearing.

As to the other assignments of error, our review of the record reflects no clear error or abuse of discretion by the circuit court. Having reviewed the circuit court's "Final Order Denying Petition for Writ of Habeas Corpus" entered on August 9, 2011, we hereby adopt and incorporate the circuit court's well-reasoned findings and conclusions as to the assignments of error raised in this appeal. The Clerk is directed to attach a copy of the circuit court's order to this memorandum decision.

For the foregoing reasons, we affirm the circuit court's order.

Affirmed.

**ISSUED:** February 11, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II