# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: Barry A.,**
**Petitioner Below, Petitioner**

**FILED**

May 3, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**No. 12-0961** (Randolph County 12-P-27)

## MEMORANDUM DECISION

Petitioner Barry A.,[1] *pro se*, appeals the order of the Circuit Court of Randolph County, entered June 12, 2012, denying his renewed petition for appointment of a guardian to manage his affairs. There is no respondent.

The Court has considered petitioner's brief and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. For the reasons expressed below, the circuit court's order is reversed and this case is remanded for further proceedings. In so holding, this Court finds that this case does not present a new or significant question of law. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner is an inmate at Huttonsville Correctional Center, having been sentenced to one to ten years in prison for receiving or transferring stolen goods. Petitioner is also serving a concurrent sentence of one to five years for failure to register as a sex offender.

In the felony case for failure to register, petitioner was initially found incompetent to stand trial. Petitioner was committed to Sharp State Hospital for three months. Subsequently, it was determined that petitioner attained competency. Petitioner pled guilty pursuant to a plea agreement, received a suspended sentence of one to five years, and was placed on probation for two years. Petitioner violated his probation which was then revoked. The original sentence of one to five years was imposed.

As part of the proceedings to determine his competency, petitioner's counsel had him evaluated. As relevant to the case at bar, the March 1, 2008 evaluation report, which petitioner attached to his renewed petition, diagnosed petitioner with adjustment order with depressed mood, moderate mental retardation (Full Scale I.Q. of 52), and antisocial/borderline personality disorder.

---

[1] As guardianship matters are confidential, Petitioner's last name will not be used. *See State ex rel. West Virginia Dept. of Human Services v. Cheryl M.*, 177 W.Va. 688, 689 n.1, 356 S.E.2d 181, 182 n.1 (1987).

1

On April 25, 2012, petitioner filed a renewed petition for appointment of a guardian.[2] In his petition, petitioner stated that he has limited intellectual capacity because of fetal alcohol syndrome and because of a severe head trauma when he was approximately ten years old. Petitioner asserted that he was unable to manage his daily affairs and that his parole eligibility is affected because he has no one to help him prepare a home plan for the Parole Board's consideration.[3] Petitioner asserted that before his present incarceration, he had to have a "payee" receive and manage his SSI benefits.[4] Petitioner asserted that upon his release from prison,[5] he will have no place to go and will be placed in a dangerous situation "as he is completely unable to function on his own in society." Petitioner requested the appointment of a guardian ad litem for purposes of the guardianship proceeding and permission to file his petition without the evaluation report required by the relevant statute.[6]

The circuit court denied petitioner's renewed petition for appointment of a guardian. In its one-page order, entered June 12, 2012, the circuit court stated that "the Petitioner is not in need of a guardian at this time as a result of his incarceration."

On appeal, petitioner argues that under the West Virginia Guardianship and Conservatorship Act ("Guardianship Act"), it is mandatory that the circuit court "shall" set a hearing to determine whether a guardian needs to be appointed, that the circuit court "shall" appoint legal counsel for the alleged protected person, and that the circuit court "shall" have the person assessed so that an evaluation report can be prepared. Accordingly, petitioner argues that the circuit court erred in denying his petition.

The Guardianship Act provides that following a hearing on whether to appoint a guardian, "[t]he court shall make specific findings of fact and conclusions of law in support of any orders

---

[2] Petitioner's prior petition was denied by the circuit court in a one-page order entered March 30, 2011, with the only reasoning being that petitioner did not need a guardian while incarcerated.

[3] Petitioner stated that prison officials have tried to help him prepare a home plan, but that they do not have sufficient time and resources to devote to him.

[4] In the March 1, 2008 evaluation report, the evaluator notes that petitioner told him that he had been on SSI benefits since childhood. The evaluator further reported that petitioner's finances had been managed by a company named Cris-Cross. Petitioner told the evaluator that he received $15 per week while the rest of the money was used to pay for his lodging.

[5] On appeal, Barry A. indicates that his final (projected) discharge date is May 24, 2014.

[6] The West Virginia Guardianship and Conservatorship Act is codified at West Code §§ 44A-2-1 et seq. West Virginia Code § 44A-2-7 provides for the appointment of legal counsel (not a guardian ad litem). The requirement for an evaluation report is found in West Virginia Code § 44A-2-3 and can be waived for good cause shown. In which case, § 44A-2-3 provides for the assessment of the alleged protected person and the preparation of a report.

entered." W.Va. Code § 44A-2-9(e). Also, this Court has held, in a variety of contexts, that there should be findings of fact and conclusions of law sufficient to allow meaningful appellate review. *See*, *e.g.*, *Fayette County National Bank v. Lilly*, 199 W.Va. 349, 484 S.E.2d 232 (1997) (summary judgment); *State ex rel. Watson v. Hill*, 200 W.Va. 201, 488 S.E.2d 476 (1997) (habeas corpus); *State, ex rel. Mylan, Inc. v. Zakaib*, 227 W.Va. 641, 713 S.E.2d 356 (2011) (forum non conveniens).

In the case at bar, the circuit court determined that no hearing was required. The circuit court's one finding that "the Petitioner is not in need of a guardian at this time as a result of his incarceration" is insufficient to deny petitioner's petition. First, the Guardianship Act contemplates that a petition may be filed on the behalf of an incarcerated person. *See* W.Va. Code § 44A-2-1(a) ("A petition for the appointment of a guardian . . . shall be filed[,] . . . if an alleged protected person has been admitted to a health care or *correctional facility*, in the county in which that facility is located.") (emphasis added). Second, while petitioner will receive, at a minimum, adequate food, clothing, and shelter for however long he is incarcerated, petitioner indicates that his final (projected) discharge date is a little more than a year away. There is at least some evidence in the record to indicate that before his present incarceration, petitioner had assistance in managing his finances. Therefore, this Court concludes that the circuit court should be reversed and this matter should be remanded for more detailed findings of fact and conclusions of law as to why petitioner's petition should be denied without the hearing specified by the Guardianship Act. *See* W.Va. Code §§ 44A-2-6 and 44A-2-9. If, upon further review, the circuit court finds it appropriate to hold the hearing specified by the Guardianship Act and then rule on the renewed petition for appointment of a guardian, it may do so.

For the foregoing reasons, we reverse the circuit court's order and remand this case for further proceedings.

Reversed and Remanded.

**ISSUED:** May 3, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II