# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Michael Davis,**
**Petitioner Below, Petitioner**

**FILED**

September 19, 2014

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs)   No. 14-0404** (Mineral County 13-C-38)

**Marvin Plumley, Warden, Huttonsville Correctional Center,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Michael Davis, appearing *pro se*, appeals the December 3, 2013, order of the Circuit Court of Mineral County that dismissed his petition for a writ of habeas corpus. Respondent Warden, by counsel Derek A. Knopp, filed a summary response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's orders is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2003, petitioner was indicted for death of a child by a custodian by child abuse with regard to his then-girlfriend's twenty-two month old child. Petitioner admitted that he was the only adult in the child's presence at the time of the fatal injuries. Dr. James Kaplan of the Office of the State Medical Examiner testified at trial that the child's brain showed evidence of bleeding as a result of violent motion of the brain to the skull from the child being violently accelerated and decelerated during an assault. Given the absence of any history of a major car accident and in the absence of any injuries on the outside of the child's body, Dr. Kaplan testified to a reasonable degree of medical certainty that the child died as a result of an assault upon her person. When asked whether the injuries could have occurred accidently or have been self-inflicted, Dr. Kaplan responded "absolutely not." When asked whether either of the other two children in the household—one of which was only two and a half months old, while the other child was three years old—could have inflicted the injuries, Dr. Kaplan responded, "No, sir."

On December 17, 2003, a jury found petitioner guilty of death of a child by a custodian by child abuse. On March 19, 2004, following a presentence investigation, the circuit court sentenced petitioner to a term of forty years in the state penitentiary. Petitioner appealed his conviction and sentence; however, this Court refused petitioner's appeal on October 21, 2004.

1

In April of 2013, petitioner filed a petition for a writ of habeas corpus alleging that he received ineffective assistance of counsel as follows: (1) counsel failed to call as witnesses children, toward whom petitioner had never been violent, to counter the State's evidence of prior bad acts; (2) counsel failed to attempt to negotiate a plea agreement based on counsel's guarantee that he could win the case; (3) counsel allowed his non-lawyer wife to question prospective jurors, which led to the victim's friends and family being seated on the jury; and (4) counsel failed to raise petitioner's psychiatric record. The circuit court denied petitioner's request for habeas relief and dismissed his habeas petition on December 3, 2013.

In its order dismissing the petition, the circuit court specifically refuted petitioner's allegations of ineffective assistance of counsel as follows: (1) child witnesses can be unpredictable and, if counsel called such witnesses, it would have "opened the door" to additional bad acts evidence which would have been harmful to petitioner's case; (2) counsel approached the State with regard to a plea agreement, "but was told [that] the victim's family and the circumstances made any plea bargain impossible";[1] (3) counsel's common practice is to have his secretary[2] sit in the gallery with the juror questionnaires and make notes on their responses to *voir dire* questions, which counsel then uses to confer with clients with regard to exercising their preliminary strikes; and (4) counsel filed "a motion for [a] mental and a notice of possible psychiatric defense" and that the defense's "own psychiatrist found [petitioner] to be competent and criminally responsible." Accordingly, the circuit court concluded that "each of these four grounds can be dismissed summarily without a hearing because they are so lacking in any merit" and that "[petitioner's counsel] did all he could in a hopeless case."

Petitioner now appeals the circuit court's December 3, 2013, order dismissing his habeas petition. We apply the following standard of review in habeas cases:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006). In addition, a circuit court that grants or denies habeas relief is required to make "specific findings of fact and conclusions of law relating to each contention advanced by the petitioner, and to state the grounds upon which the matter was determined." Syl. Pt. 1, *State ex rel. Watson v. Hill*, 200 W.Va. 201, 488 S.E.2d 476 (1997).

---

[1] The circuit court also found that given counsel's experience, he would not guarantee to a client that he could win a case.

[2] Presumably, counsel's secretary was also his wife.

On appeal, petitioner argues the circuit court's findings are insufficient to support the denial of petitioner's petition because (a) the judge who dismissed the petition was not the judge who presided at trial;[3] and (b) the circuit court failed to support its findings with proper citations to the record. Respondent warden counters that petitioner does not claim that any of the findings is incorrect. Respondent warden argues that the dismissal of petitioner's petition should be affirmed because the circuit court made adequate findings. We agree.

In *Watson*, this Court directed the circuit court to hold a hearing on a habeas petitioner's ineffective assistance of counsel claim. 200 W.Va. at 205, 488 S.E.2d at 480. However, this Court indicated that the outcome of the case would have been different if the circuit court made findings adequate to show that petitioner's claim would have failed under the applicable *Strickland/Miller* standard for ineffective assistance,[4] stating that "[i]f that was the court's reasoning, it should have been included in the order[.]" 200 W.Va. at 204, 488 S.E.2d at 479. In the instant case, the circuit court concluded that (1) counsel's performance did not fall below an objective standard of reasonableness, stating all of petitioner's allegations in that regard "are so lacking in any merit"; and (2) assuming, *arguendo*, if counsel made mistakes, such errors were not the "but for" cause of petitioner's conviction because, given that petitioner admitted that he was the only adult in the child's presence at the time of the fatal injuries, his was "a hopeless case." Furthermore, the circuit court supported its conclusions with findings that had such specificity that they showed that the court possessed a deep familiarity with both petitioner's case and petitioner's counsel, whom the court described as "[o]ne of Mineral County's most experienced criminal defense lawyers." Accordingly, we conclude that the circuit court made satisfactory findings, and that the court did not abuse its discretion in denying petitioner's request for habeas relief and dismissing his habeas petition.

For the foregoing reasons, we affirm.

Affirmed.

---

[3] This Court's records indicate that the judge who dismissed the petition was the judge who presided at trial. However, records from the Circuit Clerk of Mineral County support petitioner's position that a different judge presided at trial.

[4] In West Virginia, claims of ineffective assistance of counsel are governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984), which requires the following: (1) counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *See* Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995) (adopting *Strickland*).

**ISSUED:** September 19, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II