# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Billy T.,**
**Petitioner Below, Petitioner**

**vs.)  No. 18-0991** (Kanawha County 2018-P-318)

**Donnie Ames, Superintendent, Mt. Olive**
**Correctional Complex,**
**Respondent Below, Respondent**

**FILED**
**April 6, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Billy T., by counsel Kenneth Starcher, appeals the Circuit Court of Kanawha County's October 29, 2018, order denying his petition for a writ of habeas corpus.[1] Respondent Donnie Ames, Superintendent, by counsel Scott E. Johnson, filed a response. On appeal, petitioner argues that the habeas court erred in entering an order containing insufficient findings of fact and conclusions of law to assist in appellate review and denying his petition when (1) his sentence violated ex post facto principles, (2) his counsel was ineffective for allowing him to enter a plea in violation of ex post facto principles, and (3) his plea was involuntary on the basis that his counsel failed to properly advise him of his sentence.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the habeas court below erred in failing to appoint petitioner counsel to assist him in seeking habeas relief, denying him an omnibus hearing, and entering a final order containing insufficient findings of fact and conclusions of law. Accordingly, we reverse and remand this case as it satisfies the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure, and a memorandum decision is appropriate to resolve the issues presented.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

In September of 2012, petitioner pled guilty by information to two counts of first-degree sexual assault and one count of third-degree sexual assault based on incidents involving his three daughters. Pursuant to the plea agreement, petitioner agreed to plead guilty to all three counts contained in the information in exchange for the State's agreement to recommend concurrent sentencing and the possibility of parole after twenty-five years.

At petitioner's February of 2013 sentencing hearing, the trial court sentenced petitioner to 25 to 100 years of incarceration for each of the two counts of first-degree sexual assault and one to five years of incarceration for the single count of third-degree sexual assault, to be served consecutively. Petitioner appealed his sentence, and this Court affirmed the sentencing order by memorandum decision. *See State v. Billy T.*, No. 13-0608, 2014 WL 1272532 (W. Va. Mar. 28, 2014)(memorandum decision).

Thereafter, petitioner, without representation, filed a petition for a writ of habeas corpus in September of 2018. Petitioner argued that his sentence for one count of first-degree sexual assault violated ex post facto principles. Petitioner argued that the trial court erred in sentencing him under West Virginia Code § 61-8B-3(c) (2006), which instituted a higher penalty than West Virginia Code § 61-8B-3 (2000), the version of the statute petitioner claims should have been used at sentencing.[2] Petitioner claimed that the victim in count one of the information turned

---

[2]The version of West Virginia Code § 61-8B-3 in effect prior to October 1, 2006, and at issue in this case, read as follows:

(a) A person is guilty of sexual assault in the first degree when:

(1) The person engages in sexual intercourse or sexual intrusion with another person and, in so doing:

(i) Inflicts serious bodily injury upon anyone; or

(ii) Employs a deadly weapon in the commission of the act; or

(2) The person, being fourteen years old or more, engages in sexual intercourse or sexual intrusion with another person who is eleven years old or less and is not married to that person.

(b) Any person violating the provisions of this section is guilty of a felony and, upon conviction thereof, shall be imprisoned in a state correctional facility not less than fifteen nor more than thirty-five years, or fined not less than one thousand dollars nor more than ten thousand dollars and imprisoned in a state correctional facility not less than fifteen nor more than thirty-five years.

As of October 1, 2006, West Virginia Code § 61-8B-3 was amended to provide:

(continued . . .)

2

twelve in May of 2006. If, as the State claimed, petitioner committed first-degree sexual assault against this victim when she was still eleven years old, that crime would have had to occur prior to May of 2006. However, the 2006 version of West Virginia Code § 61-8B-3 did not go into effect until October 1, 2006. Petitioner claims that by sentencing him to a longer sentence as provided for under the 2006 version of the statute, his sentence was violative of ex post facto principles.

The habeas court summarily denied petitioner's self-represented petition, without appointing counsel or holding an omnibus hearing, on October 29, 2018. In its one-page order, the habeas court stated that

> the [c]ourt, after giving due and mature consideration to said written petition and after reviewing the official court file in said action, is of the opinion that a hearing is not necessary in order for the [c]ourt to make a decision in this matter and further finds that good cause or other justification does not exist to grant said request. Therefore, the [c]ourt is of the opinion to and does hereby **ORDER** that Petitioner's **"WRIT OF HABEAS CORPUS"** be and the same is hereby **DENIED**.

Petitioner appeals the October 29, 2018, order denying his petition for a writ of habeas corpus.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the

---

> (a) A person is guilty of sexual assault in the first degree when:
>
>     . . . .
>
> (2) The person, being fourteen years old or more, engages in sexual intercourse or sexual intrusion with another person who is *younger than twelve years old and is not married to that person.*
>
>     . . . .
>
> *(c) Notwithstanding the provisions of subsection (b) of this section, the penalty for any person violating the provisions of subsection (a) of this section who is eighteen years of age or older and whose victim is younger than twelve years of age, shall be imprisonment in a state correctional facility for not less than twenty-five nor more than one hundred years and a fine of not less than five thousand dollars nor more than twenty-five thousand dollars.*

(Amendments in italics). Accordingly, it is clear that the 2006 version of the statute under which petitioner was convicted provided for a longer sentence, 25 to 100 years, than was available under the 2000 version, which provided for a sentence of 15 to 35 years of incarceration.

3

following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016).

On appeal, petitioner argues that (1) the habeas court erred in denying his petition when his sentence for one count of first-degree sexual assault was violative of ex-post facto principles, and (2) the final order denying his claims was insufficient given our holding in Syllabus Point 1 of *State ex rel. Watson v. Hill*, 200 W. Va. 201, 488 S.E.2d 476 (1997). Respondent concedes that petitioner "has pled a facially valid claim" regarding his ex-post facto claim and that the habeas court's final order is "practically indistinguishable" from the habeas order that this Court found inadequate in *Watson*. Accordingly, respondent agrees that the case should be remanded to provide petitioner the opportunity to develop evidence regarding his claim and for the entry of an adequate order by the habeas court. Having reviewed the record, we agree.

This Court has held that "[u]nder Ex post facto principles of the United States and West Virginia Constitutions, a law passed *after the commission of an offense* which increases the punishment, lengthens the sentence or operates to the detriment of the accused, cannot be applied to him." Syl. Pt. 1, *Adkins v. Bordenkircher*, 164 W. Va. 292, 262 S.E.2d 885 (1980) (emphasis added); *see also Collins v. Youngblood*, 497 U.S. 37, 42 (1990) ("'It is settled, by decisions of this Court so well known that their citation may be dispensed with, that any statute which punishes as a crime an act previously committed, which was innocent when done; which makes more burdensome the punishment for a crime, after its commission, or which deprives one charged with crime of any defense available according to law at the time when the act was committed, is prohibited as ex post facto.'").

We agree that petitioner has pled a facially valid claim that, if true, could establish that his sentence violates ex post facto principles. If petitioner is correct that the victim from count one of the information was born in May of 1994, and that the alleged sexual assault occurred prior to the victim's twelfth birthday in May of 2006, then his sentence under West Virginia Code § 61-8B-3(c) (2006) cannot be applied to him, as it was not in effect at the time the offense was committed and provides for a longer sentence than the 2000 version of the statute in effect at the time of the offense. Accordingly, we find that the habeas court abused its discretion in summarily denying petitioner's self-represented petition without appointing him counsel and holding an omnibus hearing to allow him to develop this claim.

We likewise agree that the habeas court's final order summarily denying petitioner's petition is insufficient given our prior holding that

West Virginia Code section 53-4A-7(c) (1994) requires a circuit court denying or granting relief in a habeas corpus proceeding to make specific findings of fact and conclusions of law relating to each contention advanced by the petitioner, and to state the grounds upon which the matter was determined.

*Watson*, 200 W. Va. at 202, 488 S.E.2d at 477, syl. pt. 1. In *Watson*, the habeas court's order summarily denying the defendant's claim read as follows:

Upon consideration of the petition for habeas corpus the court is of the opinion that the allegations are entirely without merit and that good cause for the filing thereof and appointment of counsel has not been shown.

Accordingly, the requests to file the petition and to appoint new counsel are hereby DENIED.

*Id*. at 203, 488 S.E.2d 478. In reaching our decision, we found that our review was "hindered by the circuit court's failure to articulate its reasons for denial." *Id*.

As respondent correctly notes, the habeas court's order denying petitioner's petition is "practically indistinguishable" from the order in *Watson*. Here, the habeas court's brief paragraph denying petitioner's claim sets forth no findings of fact or conclusions of law relating to any contention set forth by petitioner. Rather, the order simply dismisses the case without providing this Court any indication of the law relied upon, the findings made, or the reasons for the denial. Accordingly, we find that the order is insufficient.

Based on the foregoing, we reverse the circuit court's October 29, 2018, order denying petitioner's petition for a writ of habeas corpus and remand with instructions. We direct the Circuit Court of Kanawha County to appoint petitioner habeas counsel, to hold an omnibus hearing on the merits of petitioner's claims, and to issue an order that includes findings of fact and conclusions of law relating to each contention advanced by petitioner as required by West Virginia Code section 53-4A-7(c).[3]

Reversed and remanded with instructions.

**ISSUED:** April 6, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead

---

[3]Because petitioner's claims of ineffective assistance of counsel are inextricably intertwined with his claim that his sentence was violative of ex post facto principles, we decline to address these issues as the case is being reversed and remanded to more fully develop that claim.

Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison