**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**


**Jeffrey L. Finley,**
**Plaintiff Below, Petitioner**

**vs.)  No.   22-0245** (Cabell County 21-C-459)

**Donnie Ames, Superintendent,**
**Mt. Olive Correctional Complex,**
**Defendant Below, Respondent**


**MEMORANDUM DECISION**


Petitioner Jeffrey L. Finley appeals the March 16, 2022, order of the Circuit Court of Cabell County denying his fourth petition for a writ of habeas corpus.[1] The dispositive issue petitioner raises in this appeal is whether the circuit court abused its discretion in denying the habeas petition he filed pursuant to West Virginia Code § 53-4A-1 (2021).

Upon our review, we conclude that, under our well-established caselaw, the circuit court's failure to make findings regarding the application of West Virginia Code § 53-4A-1 (2021) to certain of petitioner's habeas claims requires a remand for findings sufficient to allow meaningful appellate review. Therefore, we affirm, in part, and reverse, in part, the circuit court's March 16, 2022, order and remand the case to the circuit court for such findings regarding the extent to which West Virginia Code § 53-4A-1 (2021) allows petitioner to raise previously adjudicated and/or waived habeas claims regarding forensic scientific evidence. We find that this case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for disposition by a memorandum decision.

An indictment handed down by a Cabell County grand jury in May of 2003 charged petitioner with one count of first-degree murder and two counts of second-degree sexual assault with regard to the March 22, 1999, death of petitioner's neighbor. The ninety-two-year-old victim

---

[1] Petitioner is self-represented. Respondent Donnie Ames, Superintendent, Mt. Olive Correctional Complex, appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Lara K. Bissett.

was found dead in her home with her body exhibiting signs of sexual assault. In September of 2004, a jury returned a verdict of guilty on all three charges in the indictment. Following this Court's decision in *State v. Finley* ("*Finley I*"), 219 W. Va. 747, 639 S.E.2d 839 (2006), petitioner was resentenced to a life term of incarceration, with the possibility of parole, on the first-degree murder conviction and to two terms of ten to twenty-five years of incarceration on the second-degree sexual assault convictions.[2] The circuit court ordered petitioner to serve the sentences consecutively.

The circuit court subsequently denied petitioner's first two habeas petitions without a hearing. In petitioner's third habeas proceeding, the circuit court appointed habeas counsel, who filed an amended petition. In the amended habeas petition, petitioner raised the following grounds for relief: (1) ineffective assistance of trial counsel; (2) lack of jurisdiction; (3) unconstitutionality of criminal statute; (4) consecutive sentences for the same offense; (5) suppression of evidence helpful to the defense; (6) knowing use of perjured testimony; (7) falsified transcript; (8) double jeopardy; (9) irregularities in arrest; (10) excessive bail; (11) illegal detention prior to arraignment; (12) irregularities in arraignment; (13) grand jury composition and/or procedures; (14) defective indictment; (15) improper venue; (16) failure to subpoena witnesses; (17) refusal to produce witness notes; (18) constitutional errors in evidentiary rulings; (19) jury instructions; (20) prejudicial statements by prosecutor; (21) prejudicial statements by trial court; (22) insufficiency of the evidence; (23) severer sentence than expected; (24) excessive sentence; and (25) mistaken advice of trial counsel regarding eligibility for probation or parole.

The circuit court held an omnibus habeas corpus hearing on October 28, 2014. At the hearing, trial counsel testified that he consulted an independent DNA expert, who "determined that the State's DNA expert had done the DNA testing 'right' and 'saw no problems with [the State's] procedures.'" *Finley v. Terry* ("*Finley II*"), No. 17-0084, 2018 WL 2750893, at *5 (W. Va. Jun. 8, 2018) (memorandum decision). Accordingly, trial counsel "made the tactical decision not to have the DNA independently re-tested due to the possibility that such testing would confirm, rather than contradict, the State's findings, which could then have been used against petitioner at trial." *Id.* Also, petitioner declined to have post-conviction DNA testing performed pursuant to West Virginia Code § 15-2B-14 and, on appeal in *Finley II*, failed to develop his argument that the State's DNA testing consumed the entire sample found on the victim's body. *Id.* at *5 n.2. In *Finley II*, this Court affirmed the circuit court's denial of petitioner's amended petition in his third habeas proceeding. *Id.* at *9.

On December 3, 2021, petitioner filed his fourth habeas petition, with attached exhibits, alleging the following grounds for relief: (1) Lieutenant H.B. Myers, a forensic scientist employed by the West Virginia State Police, misrepresented the definition of exclusion regarding DNA analysis at petitioner's trial; (2) Lt. Myers failed to perform a complete statistical analysis regarding the DNA results in petitioner's case; (3) Lt. Myers misrepresented the exclusionary

---

[2]In Syllabus Point 3 of *State v. Finley* ("*Finley I*"), 219 W. Va. 747, 639 S.E.2d 839 (2006), this Court held that "[d]ue process afforded by the West Virginia and United States Constitutions demands that a criminal defendant may not routinely be compelled to appear in jail or prison clothing at the penalty phase of a bifurcated murder trial."

statistic at petitioner's trial; (4) Lt. Myers failed to follow standards of interpretation regarding the DNA results in petitioner's case; (5) Lt. Myers misrepresented facts during his testimony at petitioner's trial; (6) the State's DNA testing consumed the entire sample found on the victim's body; (7) multiple pieces of potentially exculpatory evidence were not tested in petitioner's case; (8) petitioner is legally innocent due to insufficient evidence supporting the convictions; (9) other suspects were not investigated with regard to the crime; and (10) trial and appellate counsels provided ineffective assistance.

With regard to those grounds challenging the accuracy of the State's DNA test results, petitioner argued that West Virginia Code § 53-4A-1 (2021) permits a prisoner whose convictions were based upon DNA evidence to file a successive habeas petition provided that the petition meets its requirements.[3] The circuit court, by order entered on March 16, 2022, denied petitioner's fourth habeas petition. The circuit court found that each of the grounds for relief was previously adjudicated and/or waived but did not address the applicability of West Virginia Code § 53-4A-1 (2021) to those claims regarding forensic scientific evidence.

Petitioner now appeals the denial of his fourth habeas petition. This Court reviews a circuit court order denying a habeas petition under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016). A habeas petitioner may not generally file a successive habeas petition given that

> [a] judgment denying relief in post-conviction habeas corpus is *res judicata* on questions of fact or law which have been fully and finally litigated and decided, and as to issues which with reasonable diligence should have been known but were not raised, and this occurs where there has been an omnibus habeas corpus hearing at which the applicant for habeas corpus was represented by counsel or appeared pro se having knowingly and intelligently waived his right to counsel.

Syl. Pt. 2, *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981).

On appeal, petitioner concedes that the circuit court properly denied habeas relief with regard to grounds 7 through 10 of his instant petition. Based upon our review of the record, and our decision in *Finley II*, we accept petitioner's concession and affirm the circuit court's denial of habeas relief with regard to those grounds.

---

[3]West Virginia Code § 53-4A-1 (2021) became effective on July 1, 2021.

Petitioner argues that West Virginia Code § 53-4A-1 (2021) permits him to raise grounds for relief 1 through 6 because those issues either directly or indirectly challenge the accuracy of the State's DNA test results. Petitioner further argues that the circuit court failed to make findings regarding each of those grounds pursuant to Syllabus Point 1 of *State ex rel. Watson v. Hill*, 200 W. Va. 201, 488 S.E.2d 476 (1997), in which we held that "West Virginia Code section 53-4A-7(c) (1994) requires a circuit court denying or granting relief in a habeas corpus proceeding to make specific findings of fact and conclusions of law relating to each contention advanced by the petitioner, and to state the grounds upon which the matter was determined."[4]

The circuit court found that each ground raised in the instant habeas petition was previously adjudicated and/or waived. However, while a sufficient basis on which to deny most successive petitions, a finding that each issue was previously adjudicated and/or waived does not elucidate whether West Virginia Code § 53-4A-1 (2021) permits petitioner to raise grounds 1 through 6 of this petition. With regard to previously adjudicated issues, West Virginia Code § 53-4A-1(b)(1) (2021) provides:

> For purposes of this article,[5] and notwithstanding any other provisions of this article, a contention or contentions shall not be deemed to be previously and finally adjudicated when either relevant forensic scientific evidence exists [(1)] that was not available to be offered by a petitioner at the time of the petitioner's conviction *or* [(2)] which undermines forensic scientific evidence relied on by the state at trial; [(3)] *and* there is a reasonable probability there would be a different outcome at trial.

(Footnote, numbering, and emphasis added). Regarding previously waived issues, West Virginia Code § 53-4A-1(c) (2021) similarly provides, in pertinent part:

> For the purposes of this article, and notwithstanding any other provisions of this article, a contention or contentions shall not be deemed to have been waived when either relevant forensic scientific evidence exists [(1)] that was not available to be offered by a petitioner at the time of the petitioner's conviction *or* [(2)] which undermines forensic scientific evidence relied on by the state at trial; *and* [(3)] there

---

[4]West Virginia Code § 53-4A-7(c) provides, in pertinent part:

> When the court [in a post-conviction habeas corpus proceeding] determines to deny or grant relief . . ., the court shall enter an appropriate order . . . . In any order entered in accordance with the provisions of this section, the court shall make specific findings of fact and conclusions of law relating to each contention or contentions and grounds (in fact or law) advanced, shall clearly state the grounds upon which the matter was determined, and shall state whether a federal and/or state right was presented and decided.

[5]West Virginia Code § 53-4A-1, as amended in 2021, is the first section of the West Virginia Post-Conviction Habeas Corpus Act, West Virginia Code §§ 53-4A-1 to -11.

is a reasonable probability there would be a different outcome at trial.

(Numbering and emphasis added). Because petitioner argues that there is relevant forensic scientific evidence which undermines the DNA evidence the State relied upon at trial, we find that petitioner proceeds under clauses (2) and (3) of both quoted statutory provisions in arguing that West Virginia Code § 53-4A-1 (2021) permits him to raise grounds for relief 1 through 6.

Respondent concedes that a court order must set forth findings sufficient "to permit meaningful appellate review." Syl. Pt. 3, in part, *Fayette Cnty. Nat'l Bank v. Lilly*, 199 W. Va. 349, 484 S.E.2d 232 (1997), *overruled on other grounds by Sostaric v. Marshall*, 234 W. Va. 449, 766 S.E.2d 396 (2014). Respondent argues that no authority exists regarding the effect that West Virginia Code § 53-4A-1 (2021) has on the doctrine of res judicata as it applies to previously adjudicated and/or waived habeas claims. Respondent further argues that, even if West Virginia Code § 53-4A-1 (2021) allows petitioner to relitigate claims, the instant petition and its exhibits fail to meet the statute's requirements. Accordingly, respondent argues that the circuit court's order is sufficient to permit meaningful review of the denial of each and every habeas claim raised in this petition because the circuit court properly applied the doctrine of res judicata. We disagree. The circuit court referred to West Virginia Code § 53-4A-1 only once, in general terms, as constituting the statutory authority for the instant habeas petition. Thus, while petitioner relied upon West Virginia Code § 53-4A-1 (2021) to argue that he could file a successive habeas petition, the circuit court's order is devoid of any mention of the 2021 version of the statute. *See Watson*, 200 W. Va. at 204-05, 488 S.E.2d at 479-80 (stating that, without findings, "this Court can exercise no meaningful review"). Therefore, with regard to grounds 1 through 6 of petitioner's fourth habeas petition, we reverse the circuit court's March 16, 2022, order and remand this case to the circuit court for findings sufficient to permit meaningful appellate review on the extent to which West Virginia Code § 53-4A-1 (2021) allows petitioner to raise previously adjudicated and/or waived habeas claims regarding forensic scientific evidence.

For the foregoing reasons, we affirm, in part, and reverse, in part, the circuit court's March 16, 2022, order and remand this case to the circuit court with directions.

Affirmed, in part, Reversed, in part,
and Remanded with Directions.

**ISSUED:** April 25, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn