**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Paul Darren Spinks,**
**Petitioner Below, Petitioner**

**vs.)  No. 22-0222** (Nicholas County CC-34-2018-C-3)

**Donnie Ames, Superintendent,**
**Mt. Olive Correctional Complex**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Paul Darren Spinks appeals the February 25, 2022, order of the Circuit Court of Nicholas County denying his petition for a writ of habeas corpus.[1] Upon our review, we determine that the circuit court failed to address all of the issues raised by petitioner below. Accordingly, we vacate the circuit court's February 25, 2022, order and remand this case to the circuit court for entry of a new order. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for disposition in a memorandum decision.

Petitioner was convicted by a jury of one count of first degree murder on August 19, 2015, for the murder of his wife, Elizabeth Spinks, and was sentenced to life imprisonment without the possibility of parole. Petitioner filed a direct appeal of that conviction, and this Court affirmed in *State v. Spinks*, 239 W. Va. 588, 803 S.E.2d 558 (2017).

Petitioner then filed a petition for a writ of habeas corpus acting as a self-represented litigant. The circuit court appointed counsel who filed an amended petition, a second amended petition, and a third amended petition for a writ of habeas corpus. The circuit court held a hearing on the petitions and subsequently entered an order denying petitioner habeas relief. In that order, the circuit court addressed and rejected most of the allegations raised in petitioner's second amended petition, including ineffective assistance of counsel claims based on counsel's failure to object to a consciousness of guilt instruction, failure to call certain witnesses, and failure to qualify a defense witness as an expert.

However, the circuit court's order did not address one allegation set forth in the second

---

[1]Petitioner is represented by counsel Edward L. Bullman, and respondent is represented by counsel Attorney General Patrick Morrisey and Assistant Attorney General Andrea Nease Proper.

1

amended habeas petition and certain allegations raised in petitioner's third amended habeas petition. Specifically, the court did not address claims that trial defense counsel was ineffective by failing to investigate phone records; failing to object to an alleged misstatement during the State's closing argument regarding weapons; and failing to demonstrate that alleged threatening calls did not originate from the victim's phone. Instead of addressing these claims, the court commented that petitioner "state[d] other grounds in a final argument pleading which were not contained in the petition or the amended petition. . . . Because these allegations were not made in the petition or amended petition they will not be addressed here."

On appeal of the habeas order, petitioner argues that his trial defense counsel was ineffective for seven different reasons, plus cumulative error of counsel. Three of these reasons are the alleged instances of ineffective assistance set forth in the second and third amended petitions that the circuit court did not rule upon. Upon our review, we conclude that the circuit court's order should have addressed these three claims. Contrary to the circuit court's comment, the claims were set forth in a petition, not merely in counsel's "final argument." Moreover, during the omnibus evidentiary hearing, petitioner's counsel specifically stated that there were three amended petitions, and the court did not give any indication that it would not consider the second or third amended petitions. Instead, the court later acknowledged there were three amended petitions and numerous allegations. Furthermore, the third amended petition was filed on July 8, 2019, but the hearing was not held until January 24, 2020, allowing plenty of time for the circuit court to consider all the issues raised. If the circuit court determined that petitioner failed to present evidence in support of these three claims, or perhaps that the second and third amended petitions were improperly filed for a procedural reason, then the court should have made findings to this effect in its order.

As this Court has recognized, "West Virginia Code section 53-4A-7(c) (1994) requires a circuit court denying or granting relief in a habeas corpus proceeding to make specific findings of fact and conclusions of law relating to each contention advanced by the petitioner, and to state the grounds upon which the matter was determined." Syl. Pt. 1, *State ex rel. Watson v. Hill*, 200 W. Va. 201, 488 S.E.2d 476 (1997). "[I]n most circumstances the failure to make specific findings of fact and conclusions of law regarding an issue raised in habeas proceedings would necessitate a remand . . . ." *State ex rel. Vernatter v. Warden, W. Va. Penitentiary*, 207 W. Va. 11, 19, 528 S.E.2d 207, 215 (1999).

For these reasons, we vacate the circuit court's February 25, 2022, habeas order and remand this case to the circuit court for entry of an order addressing all of the allegations properly raised by petitioner. Because this matter is being remanded for the entry of a new order that can thereafter be appealed, we decline to address petitioner's assignments of error at this time.

Vacated and remanded with directions.

**ISSUED:** May 2, 2023

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

**DISSENTING:**

Justice C. Haley Bunn

BUNN, Justice, dissenting:

I dissent to the majority's resolution of this matter because I would have set this case for Rule 19 oral argument to thoroughly address the errors alleged in this appeal. Having reviewed the briefs, as well as the issues raised therein, I believe a formal opinion of this Court was warranted—not a memorandum decision. Accordingly, I respectfully dissent.