# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Joseph S.,**
**Petitioner Below, Petitioner**

**vs)   No. 15-1137** (Kanawha County 15-P-408)

**Marvin Plumley, Warden,**
**Huttonsville Correctional Center,**
**Respondent Below, Respondent**

**FILED**

**September 23, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Joseph S.,[1] pro se, appeals the November 3, 2015, order of the Circuit Court of Kanawha County denying his petition for a writ of habeas corpus. Respondent Marvin Plumley, Warden, Huttonsville Correctional Center, by counsel Shannon Frederick Kiser,[2] filed a summary response, and petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion. For the reasons expressed below, the decision of the circuit court is reversed and this case is remanded to the circuit court for appointment of counsel and an evidentiary hearing on whether petitioner's trial counsel provided effective assistance.

On September 25, 2006, petitioner entered a guilty plea on two counts of second degree sexual assault and the State dismissed the remaining counts of the indictment. However, a medical

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.*, 190 W.Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]To the extent that Respondent Plumley, in his capacity as the warden of Huttonsville Correctional Center, is represented by the West Virginia Attorney General's Office, we will hereinafter refer to respondent as "the State."

examination of the victim revealed no signs of sexual trauma and testing performed on male DNA found on a bed cover excluded petitioner from being the donor of that DNA. Petitioner entered his plea pursuant to Syllabus Point 1 of *Kennedy v. Frazier*, 178 W.Va. 10, 357 S.E.2d 43 (1987), which allowed him to plead guilty despite his claim of innocence on the basis that his interests required a guilty plea.[3] At a subsequent sentencing hearing, the circuit court imposed a sentence of ten to twenty years of incarceration for each conviction of second degree sexual assault and ordered that petitioner serve those sentences consecutively.

Petitioner filed the instant petition for a writ of habeas corpus on September 22, 2015,[4] and alleged that trial counsel was ineffective in the following ways: (1) trial counsel did not seek to have petitioner evaluated for his mental competency at the time of the crimes and at the time of his plea hearing; (2) trial counsel advised petitioner to plead guilty without attempting to rectify the conditions of his pretrial confinement, which conditions provoked him to plead guilty; (3) trial counsel misadvised petitioner as to the possible sentences for the kidnaping charge; (4) trial counsel misadvised petitioner as to the likelihood of the circuit court imposing consecutive sentences; (5) trial counsel advised petitioner that she would file a motion for reconsideration of sentence and then failed to do so; (6) trial counsel advised petitioner to plead guilty without requesting that the State produce the test results of the DNA swabs taken from the victim's vaginal and rectal areas; and (7) trial counsel advised petitioner to plead guilty on the basis that an all-white jury would convict an African-American male from New York for raping a local woman. The circuit court rejected petitioner's allegations of ineffective assistance of counsel in a brief order entered November 3, 2015. The circuit court found that the allegations contained in petitioner's petition did not warrant the holding of a hearing.

Petitioner now appeals the circuit court's November 3, 2015, order denying his habeas petition. We apply the following standard of review in habeas appeals:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

---

[3]Petitioner had an extensive criminal history from the State of New York and was facing the possibility that the State of West Virginia would charge him with being a recidivist pursuant to West Virginia Code § 61-11-18(c).

[4]Petitioner filed a previous habeas petition in *[Joseph S.] v. Ballard*, No. 12-0419, 2013 WL 2495117, at *2 (W.Va. May 24, 2013) (memorandum decision), in which this Court affirmed the denial of that petition. However, because petitioner was not afforded appointment of counsel or an evidentiary hearing in *Joseph S.*, the doctrine of res judicata did not bar petitioner from filing a subsequent petition. *See* Syl. Pt. 2, *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981).

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

On appeal, petitioner argues that the circuit court acted precipitously in rejecting his allegations of ineffective assistance of counsel. The State counters that the judge who denied petitioner's habeas petition had a familiarity with the facts and circumstances of the case because she was the same judge who presided in petitioner's criminal proceeding. However, the State concedes that if we find that the circuit court acted precipitously in rejecting petitioner's allegations, the proper remedy is to remand this case for appointment of counsel and an evidentiary hearing. The State further concedes that the record does not include the transcript of the September 25, 2006, plea hearing because the same has not been prepared.

Based on our own review of the record, we accept the State's concessions. *See* Syl. Pt. 8, *State v. Julius*, 185 W.Va. 422, 408 S.E.2d 1 (1991). We find that the State's argument—that the judge who presided in petitioner's criminal case had sufficient knowledge to decide his habeas petition without a hearing—is unpersuasive. In *State ex rel. Watson v. Hill*, 200 W.Va. 201, 204, 488 S.E.2d 476, 479 (1997), in directing the circuit court to hold a hearing on a habeas petitioner's ineffective assistance of counsel claim, we acknowledged that a judge who presided at trial is sufficiently familiar with the underlying proceedings to determine most habeas issues without a hearing. However, we explained that "[t]hose issues, such as incompetency of counsel, of which [the petitioner] would have been unaware at trial, must be litigated in a collateral proceeding." *Id.* (quoting *Losh v. McKenzie*, 166 W.Va. 762, 767, 277 S.E.2d 606, 610 (1981)). Therefore, we conclude that the circuit court abused its discretion in not holding a hearing on petitioner's ineffective assistance counsel claims. Accordingly, we reverse the decision of the circuit court.

For the foregoing reasons, we reverse the November 3, 2015, order of the Circuit Court of Kanawha County and remand this case to the circuit court for appointment of counsel and an evidentiary hearing on whether petitioner's trial counsel provided effective assistance.

Reversed and Remanded with Directions.

**ISSUED**: September 23, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II